VASEY and another, Appellants, vs. INDUSTRIAL COMMIS-
SION OF WISCONSIN and another, Respondents.

*May 4—May 21, 1918.*

*Workmen's compensation: Failure to give notice of injury: Employer
not prejudiced.*

A finding by the industrial commission and a holding by the trial
court, to the effect that the failure in this case to give the no-
tice required by sec. 2394—11, Stats., within thirty days after
an injury to an employee, was not with the intention of mis-
leading the employer and that he was not in fact misled thereby
or prejudiced by being deprived of an opportunity either to
investigate the claim or to furnish surgical aid which would
have saved the employee's life, are *held* to have been warranted
by the evidence.

APPEAL from a judgment of the circuit court for Dane
county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

The appeal is from a judgment confirming an award of
the *Industrial Commission* to *Evangeline Whitcomb,* widow
of Al Whitcomb, who is alleged to have died as result of in-
juries while in the employ of *John Vasey.*

Whitcomb was employed as a swamper by *John Vasey,* and
after the close of this employment entered into contract with
*Vasey* by which he was to move his family to a camp near
Ingram, have the use of the garden, and to work at peeling
bark at $2.50 a cord.   For the first two weeks after moving
to the camp pursuant to this arrangement Whitcomb worked
around the camp gathering wood for his family; then he
started on his work for *Vasey.*   On April 14, 1917, while
engaged in peeling bark, Whitcomb is alleged to have slipped
on a log, falling, and injuring his right testicle.   He had
great difficulty in getting back to his home, two miles away,
and for a week and a half was in bed part of the time, and
after that all of the time until he died on May 25th.   The
camp was ten miles from Ingram, and *Mrs. Whitcomb* was

obliged to walk that distance to secure supplies and medical aid for Whitcomb. These conditions resulted in leaving Whitcomb without medical assistance until May 21st, thirty-seven days after the accident. The physician who then attended him operated at the camp and then moved him to a hospital where he died. Previous to the physician's visit *Mrs. Whitcomb* had walked to Ingram and requested the storekeeper to send a doctor to the camp.

There is no evidence that the notice required by sec. 2394—11, Stats., was given within thirty days after the injury. On May 8th, twenty-four days after the accident, *Mrs. Whitcomb* mailed a letter from her husband to *John Vasey,* telling him that Whitcomb was sick and asking *Vasey* to come to the camp. A week later Whitcomb wrote, and *Mrs. Whitcomb* mailed another letter to *Vasey* in regard to Whitcomb's sickness.

The question of prejudicial failure to give the statutory notice within thirty days after the accident, and the question whether the death resulted from the injury or was a recurrence of an old trouble, were sharply contested at the hearing.

The *Commission* found that the death was proximately caused by the accident of April 14th, "that no notice in writing of claim for injury was given the respondent by Al Whitcomb within thirty days after the occurrence of the accident, but the failure to give notice in writing of the claim was not with the intention of misleading the respondent, and that the respondent was not in fact misled by such failure; that the respondent had notice of the applicant's claim for death benefit under the provisions of secs. 2394—3 to 2394—31, inclusive, of the Wisconsin Statutes within thirty days after the death of the said Al Whitcomb."

The plaintiffs claim that the *Commission* made its findings and award without authority and in excess of its powers. The circuit court confirmed the award, from which judgment appeal is taken.

For the appellants there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Arthur B. Doe,* of counsel, all of Milwaukee, and oral argument by *Mr. Doe.*

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Messerschmidt.*

SIEBECKER, J.    The trial court held that the failure to give the plaintiffs written notice of claim for compensation as required by the provisions of sec. 2394—11, Stats., did not bar recovery of compensation, because it appears that there was no intention to mislead plaintiffs and that plaintiffs were not in fact misled thereby.    The record is clear on the point that the evidence abundantly supports the *Commission* in their conclusion that there was no intention on the part of the claimants to mislead plaintiffs by the failure to give this written notice.    The finding of the *Commission* and the holding of the trial court to the effect that the failure to give such notice did not in fact mislead and prejudice plaintiffs is assailed upon the grounds that they were materially prejudiced by being deprived of the opportunity to investigate the claim as to whether or not Whitcomb's injury was proximately caused by accident while he was performing services growing out of and incidental to his employment; whether or not his death was caused by an alleged former injury, and that they were deprived of the opportunity to furnish medical and surgical aid which would have saved Whitcomb's life.    An examination of the evidence discloses that the only eye-witness to the alleged accident was a twelve-year-old son, who testified in effect that his father slipped and fell "astraddle" a log on which he stood, that he got caught between the logs, that it took half an hour to get him released, that he could not continue his work, and that it took him several hours to walk the distance of two miles to the house.    It is not to be

presumed that plaintiffs upon inquiry would have secured a different statement of facts from this boy than that to which he testified or that the facts and circumstances of the occurrence and nature of the injury were materially different from those that were disclosed by the evidence given before the *Commission*. We think the *Commission* was well justified in concluding that plaintiffs were not prejudiced in this respect by the failure to receive a written notice of the accident. The claim that Whitcomb's death was caused by a former injury is wholly unsupported. The wife's evidence that she never heard of this alleged former injury, which it is said he suffered after marriage; that he never complained thereof; and the son's denial of an alleged admission by him that his father had suffered such a former injury, on which this claim rests, is ample basis for the *Commission* to find that there is no proof of such fact. It is strenuously contended that if plaintiffs had received the required written notice they would have furnished prompt medical aid and that Whitcomb's life, in all probability, would have been saved. The trial court concluded that, in view of the undisputed fact that *Vasey* was notified by letter by Whitcomb within thirty days after the accident that Whitcomb had been sick for two weeks in bed and requested *Vasey* to come to see him, and that *Vasey* replied within the thirty days that he could not then come to see him but that he would come later, in connection with all the conditions surrounding the parties, the *Commission* was justified in finding as a fact that the necessary medical and surgical aid would not have been furnished to save Whitcomb's life. It must also be borne in mind that had the claimant served a notice of injury on the last of the thirty-day period prescribed by statute it is reasonably clear that Whitcomb's condition was such that any medical and surgical aid would have been unavailing to save his life. Upon the record it cannot be said that there is no substantial credible evidence to support the find-

ings of the *Commission* on the questions presented. The judgment of the circuit court must be affirmed.

*By the Court.*—It is so ordered.

OWEN, J., took no part.