FRANK MARTIN-LASKIN COMPANY and another, Appellants, vs. GOETSCH and another, Respondents.

*October 19—November 16, 1920.*

*Workmen's compensation: Notice of injury: Sufficiency: Knowledge of foreman of corporation: Failure to give written notice: Effect.*

1. Where an employer has notice within thirty days that an accident has happened and that some injury has resulted to an employee by reason thereof, he has the knowledge that it was intended by sec. 2394—11, Stats., should be brought home to him by the service of written notice. Such notice should describe the nature of the injury as fairly as possible under the circumstances existing at the time the notice is given.

2. A foreman's knowledge of an injury to an employee is not notice to the employer within said sec. 2394—11; and where the employer is a corporation, this requirement can be satisfied only by service on a managing officer.

3. Knowledge of a foreman concerning an accident does not take the place of the statutory notice unless it is shown that the knowledge of the foreman was communicated to the employer; and under sec. 2394—11 failure to give the employer personal notice of an injury will bar recovery unless the industrial commission finds as a fact that there was no intention to mislead the employer and that he was not in fact misled by failure to give the notice.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Reversed.*

Action to review an award of the *Industrial Commission.* From the judgment of the circuit court affirming the award the plaintiffs appealed.

On June 16, 1917, *Frank Goetsch* was employed as a carpenter by the plaintiff *Frank Martin-Laskin Company.* While engaged in removing shoring from the ceiling of a room a board fell and struck him on the head. There was a nail in the end of the board, which penetrated his scalp and caused blood to flow. He felt dizzy and sat down for ten minutes or so and then went on with his work. The accident happened about 10:30 in the forenoon. The foreman under whom *Goetsch* was working was present immediately after the accident and saw the wound inflicted on *Goetsch's* head. He worked until noon, lunched on the job, and worked a part of the afternoon. He returned to work Monday or Tuesday. He was laid off Tuesday night, rested at home for a week, and went to work at a railway roundhouse. He worked there a week and was then laid off, because he could not move around, as he said. He has done no work since and it is conceded that he is now incapacitated. During the time he rested before going to work at the roundhouse he consulted his family physician and has been under his treatment ever since.

Several doctors testified at the hearing before the *Industrial Commission* concerning the nature of his disease, respecting which there was considerable disagreement among them. Dr. Charles H. Lemon, who examined *Goetsch* on behalf of the insurance carrier, diagnosed his condition as resulting from a mild venous hemorrhage of the brain, a slow hemorrhage occurring on one hemisphere of the brain, and testified that the proper treatment therefor was a trephining operation, which, if performed in this case within six weeks of the injury, would unquestionably have proven

successful. The *Industrial Commission* was of the opinion that Dr. Lemon's diagnosis was correct.

No notice of the accident or the injury, as required by sec. 2394—11, Stats., was served on the employer. The *Industrial Commission* held, however, that the employer had actual notice of the accident and injury by reason of the presence of the foreman at the time of the accident, found all other facts necessary to entitle the claimant to compensation, and made an award in his favor.

For the appellants there was a brief by *Van Dyke, Shaw, Muskat & Van Dyke,* and oral argument by *Ralph M. Hoyt,* all of Milwaukee.

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Winfield W. Gilman,* assistant attorney general, and oral argument by *Mr. Gilman.*

OWEN, J.    Sec. 2394—11, Stats., provides:

"No claim to recover compensation under sections 2394—3 to 2394—31, inclusive, shall be maintained unless, *within thirty days after the occurrence of the accident* which is claimed to have caused the injury or death, notice in writing, stating the name and address of the person injured, the time and place where the accident occurred, and the nature of the injury, and·signed by'the person injured or by some one on his behalf, or in ·case of his death, by a dependent or some one on his behalf, shall be served upon the employer, either by delivering to and leaving with him a copy of such notice, or by mailing to him by registered mail a copy thereof in a sealed and postpaid envelope addressed to him at his last known place of business or residence.    Such mailing shall constitute completed service; . . . and provided, further, that the failure to give any such notice, or any defect or inaccuracy therein, shall not be a bar to recovery . . . if it is found as a fact in the proceedings for collection of the claim that there was no intention to mislead the employer, and that he was not in fact misled thereby."

The questions here presented arise from the fact that no written notice of the injury was served upon the employer

as required by the provisions of the section of the statutes above set forth. The *Industrial Commission* found that the employer had actual notice by reason of the presence of the foreman at the time of the accident. The correctness of this conclusion is assailed by appellants on two grounds: First, that under sec. 2394—11 notice to the foreman was not notice to the employer; and second, that even though notice to the foreman be notice to the employer, yet, under the circumstances of this case, the foreman did not have knowledge of the facts which the statute contemplates shall be brought home to the employer by service of the required written notice; the contention as to the latter proposition being that while the foreman knew of the happening of the accident he had no knowledge concerning the nature of the injury resulting therefrom.

The statute requires that the written notice shall state the nature of the injury. From what the foreman was able to observe the injury appeared to be nothing more than a slight wound of the scalp. The serious or compensable injury developed after the employee had been discharged from his employment, the result being that neither the employer nor the foreman had knowledge of the fact that compensable injury had resulted from the accident. By requiring the notice to state the nature of the injury the legislature undoubtedly had some purpose in mind, and the contention that its purpose was to bring home to the employer the fact that compensable injury under the act had resulted from accident is by no means frivolous. The act deals with injuries resulting in loss to the employee. It is not concerned with injuries of a trifling nature resulting in no disability to the employee. There is much force to the contention that unless compensable injury resulted from the accident there is no point in giving the notice. However, the notice must be given within thirty days, and it may be given at any time within the thirty days. It may be given the day after the happening of the accident and meet the statutory requirements. It is matter of common knowledge that

serious consequences develop from injuries which appear
to be of a slight and trifling nature. To give the statute the
construction contended for would mean that where the
serious consequences had not sufficiently developed to indi-
cate a compensable injury within thirty days so that an
injury entitling the employee to compensation could be stated
in the notice, the employee would have no claim for com-
pensation. We are reluctant to give the statute such a con-
struction. There is no reason to believe that the legislature
intended to provide compensation only for those injuries
which developed within a period of thirty days. The statute
should be liberally construed to attain the accomplishment
of its beneficent purposes. *Sadowski v. Thomas F. Co.*
157 Wis. 443, 449, 146 N. W. 770; *Kiel v. Industrial Comm.*
163 Wis. 441, 445, 158 N. W. 68.

We are therefore of the opinion that where the employer
has notice that an accident has happened and that some
injury, no matter how trifling, has resulted to an employee
by reason thereof, he has the knowledge that it was intended
should be brought home to him by the service of the written
notice. Of course it must be understood that the nature of
the injury should be described as fairly as possible under
the facts and circumstances existing at the time the notice
is given.

We are of the opinion that under the provisions of our
statute notice to the foreman does not constitute notice to
the employer. The statute expressly requires the notice to
be served on the employer. It "shall be served . . . either
by delivering to and leaving with him a copy of such notice,
or by mailing to him by registered mail a copy thereof in a
sealed and postpaid envelope addressed to him at his last
known place of business or residence." Where the employer
is a corporation, this requirement can be satisfied only by
serving on a managing officer of the corporation. Under
the provisions of this statute there is no room for saying
that the knowledge of the foreman is imputed to the em-

ployer.   The common-law principles of negligence which make the knowledge of the foreman the knowledge of the employer have no application here.   The legislature has seen fit to require notice of the accident and the injury to be given to the employer personally.   A notice served on the foreman does not comply with the requirements of the statute.   Apparently the object of the statute is to bring home to the employer personal knowledge of the accident and injury.   Knowledge of a foreman is not knowledge of the employer within the contemplation of this statute and does not take the place of the notice unless it be shown that the knowledge of the foreman was communicated to the employer.   This does not appear.   Under the statute quoted this will bar a recovery unless the *Commission* finds as a fact that there was no intention to mislead the employer and that he was not in fact misled by failure to give the notice.   This question was not passed upon by the *Commission,* and it will be necessary to remand the case to the *Commission* for the purpose of making a finding thereon.

*By the Court.*—Judgment reversed, and cause remanded to the circuit court with directions to set aside the award and to remand the record to the *Industrial Commission* with instructions to make a finding upon the question of whether there was any intention to mislead and if the employer was in fact misled by failure to give the notice.   No costs to be taxed.