FRANK MARTIN-LASKIN COMPANY and another, Appellants,
vs. INDUSTRIAL COMMISSION OF WISCONSIN and an-
other, Respondents.

*March 10—April 3, 1923.*

*Workmen's compensation: Notice of injury to employee: How
given to employer: Knowledge of foreman: Sufficiency: Es-
toppel: Whether employer was misled: Industrial commis-
sion: Findings on erroneous conception of law.*

1. The supreme court having determined on a former appeal that
   knowledge of an injury by an employer's foreman not com-
   municated to the employer is not equivalent to the statutory
   notice under the workmen's compensation law, a conclusion
   by the industrial commission, after remand, that the knowl-
   edge of the foreman estopped the employer from claiming it
   was misled by the failure to give notice, was in direct conflict
   with the former decision.
2. Since sec. 2394—12, Stats. 1921, provides that refusal by an
   employee to submit to an examination by the employer's
   physician shall suspend his right to maintain proceedings for
   the collection of compensation, the fact that the failure of the
   employee to give the statutory notice of his injury prevented
   the employer from having him examined by its physician and
   offering treatment for the injury is a ground for claiming
   that the employer was misled by the failure to give such
   notice, even though the employee might have denied the em-
   ployer's physician the opportunity to treat him.
3. Findings of the industrial commission based on erroneous
   views of the law are not the findings of fact contemplated by
   the statute.
4. Where the industrial commission filed a memorandum sup-
   porting its finding that the employer was not misled by its
   failure to receive the written notice of injury, a subsequent
   modification of the award and findings, stating that on the
   basis of the testimony offered, and for the reasons stated in
   the previous memorandum, the commission found that the
   employer was not misled, was of no more potency than the
   former findings.
5. Secs. 2394—19 and 2394—20, Stats. 1921, contemplate that all
   findings of fact must be made by the industrial commission,
   so that the supreme court cannot make findings, but, if neces-
   sary findings are lacking, must send the record back to the
   commission for further findings.
       CROWNHART, J., dissents.

APPEAL from a judgment of the circuit court for Dane county: OSCAR M. FRITZ, Judge. *Reversed.*

The judgment affirms an award of the *Industrial Commission* finding that the employer was not misled by reason of the failure of the injured employee to give the written notice prescribed by the statute. The case was here on a former appeal (172 Wis. 548, 179 N. W. 740), raising the question whether knowledge by the foreman of an employer, not shown to have been communicated to the latter, was equivalent to the statutory written notice. The court held it was not and set aside the award and sent the case back with directions to have the *Industrial Commission* find whether there was an intent to mislead and whether the employer was in fact misled by the failure to give the written notice.

The *Commission* on December 17, 1921, made a finding that there was no intent to mislead, and further found "There was no misleading of the employer because of the lack of written notice, unless it be predicated on the loss of opportunity to observe the case and have treatment rendered by surgeons alleged to be more skilled. This we do not think constitutes a misleading within the purview of the statutes." A great part of the memorandum of the *Commission* is taken up with a discussion of the proposition that knowledge of the foreman is equivalent to the statutory written notice, and near the close of the memorandum it is said: "Under the circumstances we believe the employer is estopped from claiming that he was misled by the applicant's failure to give him notice in writing."

On January 5, 1922, the *Commission,* of its own motion, made a modification of its award and findings stating, among other things, "On the basis of testimony offered in this matter, and for the reasons set forth in its several memorandums, the *Commission* finds . . . that the applicant failed to give written notice of his injury and claim; and that such failure

was without intent on his part to mislead his employer, and the employer was not in fact misled thereby." To test the validity of this last award the plaintiffs instituted this action, and appealed from the judgment of the circuit court affirming the award.

For the appellants there was a brief by *Van Dyke, Shaw, Muskat & Van Dyke* of Milwaukee, and oral argument by *James D. Shaw.*

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Winfield W. Gilman,* assistant attorney general, and oral argument by *Mr. Gilman.*

Vinje, C. J. While in the employ of the plaintiff the defendant *Frank Goetsch* received a blow on his head resulting in a venous hemorrhage of the brain. No written notice of the injury was served upon the employer, and upon the former appeal (172 Wis. 548, 179 N. W. 740) this court held that actual knowledge of the injury by a foreman of the employer, but not communicated to the employer, was not equivalent to the statutory notice. In the *Commission's* memorandum of December 17, 1921, this ruling is vigorously assailed, resulting in a conclusion that by reason of the actual knowledge of the injury by the foreman not communicated to the employer the latter is estopped from claiming that he has been misled. This conclusion is in direct conflict with our former decision, to which we adhere, because we held the foreman's knowledge did not take the place of the statutory written notice, and the case was sent back with directions to the *Commission* to find as a fact whether or not the employer was misled by reason of a failure to give the statutory notice, but not to find or to conclude that the equivalent of a statutory notice was given.

The only ground upon which the plaintiff claims it was misled by failure to get the written notice is that it was prevented from offering competent medical aid at an early stage, which, it is claimed, if given, would either entirely

have cured the injury or materially relieved it, and it was denied the right to examine the employee given by sec. 2394—12, Stats. 1921.

As to this claim the *Commission* says: "It is perhaps possible that respondent might have given some surgical attendance that would have reduced the disability materially. Applicant, however, had the advice and attendance of his family physician and might, within his right, have denied to respondent's physicians the opportunity to treat him either medically or surgically, or to do other than examine him." In another part of the memorandum it is stated that "there was no misleading of the employer because of the lack of written notice unless it be predicated on the loss of opportunity to observe the case and have treatment rendered by surgeons alleged to be more skilled. This we do not think constitutes a misleading within the purview of the statutes." It seems rather strange that the *Commission* should have reached the conclusion that an employer could not be misled by a lack of opportunity to examine and observe the employee when the statute, sec. 2394—12, provides that a refusal by the employee to submit to examination or in any way obstruct the same shall suspend his right to begin or maintain any proceedings for the collection of compensation. Here is by the plainest inference a direct legislative declaration that the right to examine is of such value that a refusal shall suspend the right to compensation. It is also obvious that the right to examine has a direct bearing upon the nature, extent, and curability of the injury—matters usually in dispute in such cases. But it is enough for us to say that the legislature has considered such right of examination of value, and it does not come within the power of the *Commission* to declare otherwise. It was inferentially held in *Vasey v. Industrial Comm.* 167 Wis. 479, 167 N. W. 823, that a failure to give notice might mislead the employer because of lack of opportunity to offer medical aid.

It will be seen, therefore, that the *Commission* reached its

conclusion that the employer was not misled by the application of two erroneous views of law, namely, that the employer was estopped to claim that it was misled because its foreman had notice, and because the violated right to examine and offer medical services could not constitute a defense. Findings based upon erroneous views of the law are not the findings of fact contemplated by the statute. It will be noted that the last findings have no more potency than the former, for it is expressly declared that they are reached "for the reasons set forth in its several memorandums."

The finding that there was no intention to mislead is founded upon a correct view of the law and upon sufficient evidence to sustain it.

We are asked by the appellants, in case the award is set aside, not to send the record back to the *Commission* for a finding, but to make the finding ourselves. This we cannot do. Secs. 2394—19 and 2394—20 contemplate that all find'ngs of fact must be made by the *Commission,* and if findings are lacking the record must be sent back to it for such further findings as the court directs to be made.

*By the Court.*—Judgment reversed, and cause remanded to the circuit court with directions to set aside the award and to remand the record to the *Industrial Commission* with directions to make a finding upon the question whether or not the employer was misled by the failure to give the written notice. No costs to be taxed by either party.

CROWNHART, J. (*dissenting*). This case presents a serial story involving a tragedy for the victim of a work accident. It is a story of the law's delays, in which it seems to me that technicality has been exalted through a process of metaphysical reasoning to reach a nicety of distinction that is impractical and impossible in administration and contrary to the legislative intent. It works injustice and violates the principles and purposes of the compensation act.

Nearly six years ago *Frank Goetsch,* a workman on a building in course of construction, was injured by a board with a spike in the end falling from a height, striking him on the head so that the spike penetrated the skull.  He was assisted by a fellow-workman, who removed the board, whereupon blood spurted out of the wound, and the foreman was called.  The foreman was in full charge of the work with authority to hire and discharge employees.  In fact he was the manager on the job of the corporation employer. The foreman examined the wound of the injured man and pronounced it of a minor nature.  *Goetsch* developed thereafter a paralysis of the right side of the body as a result of a slow venous hemorrhage of the brain, which became, and is, incurable, and *Goetsch* became totally disabled to do any work since within a few days after the accident.

*Goetsch* gave his employer no written notice of the injury within thirty days, for two reasons: he did not realize the nature of his ailment; he did not know the requirement of the law as to notice.

*Goetsch* was injured June 16, 1917, and made claim for compensation April 24, 1918.  In the meantime he had been treated by his family physician and examined by a doctor representing the carpenters' union to which *Goetsch* belonged.  The *Industrial Commission* heard the claim, the *Hartford Accident & Indemnity Company,* insurer, defending for the employer, beginning May 23, 1918, and concluding January 24, 1919.  The *Commission* entered its findings and award May 24, 1919.  It found that "no written notice of the accident and claim was given within the thirty days fixed by statute, but the respondent [the employer] had immediate actual notice of such injury, and the failure of the applicant to give written notice was without intent on his part to mislead the respondent, and the respondent was not in fact misled thereby."  July 19, 1919, the employer, through its insurance carrier, brought an ac-

tion in the circuit court to review such findings and award. On March 3, 1920, the circuit court, by Judge STEVENS, in an able opinion affirmed the action of the *Industrial Commission.* April 2, 1920, the employer, through the insurance company, appealed to this court from the judgment of the circuit court, and in the usual course of time, November, 1920, this court reversed the circuit court (172 Wis. 548, 179 N. W. 740), on the ground that notice to the foreman did not constitute notice to the employer within the terms of the statute. As I read the findings of the *Commission,* it made no such claim. It expressly held that no written notice was served on the employer. However, the *Commission* found that "failure of the applicant to give written notice was without intent on his part to mislead the respondent, and the respondent was not in fact misled thereby." This express finding of the *Commission* the court seemed to overlook because it sent the case back with an instruction "to make a finding upon the question of whether there was any intention to mislead and if the employer was in fact misled by such failure to give the notice." This is important to note. The case had to go back to the *Commission* to find on the same identical question upon which it had already found in the identical language of the statute. The words of the statute (sec. 2394—11) are:

"The failure to give any such notice . . . shall not be a bar to recovery . . . if it is found as a fact . . . that there was no intention to mislead the employer, and that he was not in fact misled thereby."

So the case went back to the circuit court, where the judgment was vacated and the records returned to the *Commission.* Evidently the *Commission* was nonplussed. It wrote a memorandum, in which it explained why there was no misleading of the employer by failure to give written notice, in these words:

"There was no misleading of the employer because of the lack of written notice, unless it be predicated on the loss

of opportunity to observe the case and have treatment rendered by surgeons alleged to be more skilled.  This we do not think constitutes a misleading within the purview of the statutes."

The *Commission* made new findings of fact. January 5, 1922, in which it again found "that the applicant failed to give written notice of his injury and claim; that such failure was without intent on his part to mislead the employer and the employer was not in fact misled thereby."  Again the case was taken to the circuit court for review, and on December 23, 1922, the circuit court, by Judge THOMPSON, in a clear and able opinion, sustained the award of the *Commission*.  Again the case was appealed to this court, where in due course it came up for decision, and on April 3, 1923, this court again reversed the judgment of the lower court and directed that the cause be remanded with instructions to the *Commission* "to make a finding upon the question whether or not the employer was misled by failure to give the written notice."  Again we call attention to the fact that the *Commission* has already twice found "that the employer was not in fact misled thereby."

The court evidently thought the *Commission* was contumacious in its memorandum.  I do not so regard the action of the *Commission*.  The *Commission* labored too industriously, perhaps, to make plain its position, which is · misunderstood here.  To me the court's opinion is the more confusing.  The court cites sec. 2394—12, Stats., to show that the employer may have been misled because the legislature there provided for an examination of the injured man from time to time upon *written request,* and suspending compensation in case of *refusal.*  The statute has no application in case whatever.  The employer never made such a request and the injured man never refused such a request. It is too plain for dispute that the workman did not realize the cause of his ailment until some nine months after the accident.  For this reason he did not and could not give

the notice.   It is equally true that the purpose of the notice
is to give the employer the opportunity to ascertain the facts
and to preserve the evidence.   Here there is no contention
that the employer had been prejudiced by inability to as-
certain the facts or to produce evidence.   Its foreman knew
of the accident at the time.   He knew all that the workman
knew.   He did not consider the injury serious, neither did
the injured man.   The injury produced a slow venous
hemorrhage of the brain, but the workman nor the doctors
who attended him made no connection between his ailment
and his accident.   In other words, the doctors failed to
properly diagnose the case.   But the employer was not
legally prejudiced, because it lost no evidence and no oppor-
tunity to prove its case.   The foreman was produced and
testified at the hearing.   The only witness of the accident, a
fellow-workman of the injured man, was also produced and
testified.   Experts were present to give evidence as to the
nature of the injury and as to whether it was proximately
caused by the accident.   It was from the evidence so pro-
duced that the *Commission* found that the employer was not
misled by failure to give the written notice.   Its construc-
tion of the law I think was clearly right.   The statute gives
the employer no right to treat the injured workman for his
ailment.   The workman must use reasonable care to cure his
ailment, and this he did when he consulted a duly licensed
physician and followed his advice.

It will not do to twist sec. 2394—12 from its fundamental
purpose in order to deny the injured man compensation.
The intent of the statute is too plain for construction.   The
purpose of the statute as to notice is equally obvious.   It has
the same purpose as the statute requiring notice within two
years of a claim for personal injury under a common-law
action (sub. (5), sec. 4222, Stats.), or the notice required
in one year in actions against railroad companies for in-
juries to property (sec. 1816b, Stats.).   The danger of loss
to workmen by the unusually short limitation of thirty days

in the compensation act was guarded against by the proviso that in case of failure to give such notice the claim for compensation shall not be barred if the *Commission* shall find in the proceedings that such failure was without intent to mislead the employer and the employer was not in fact misled thereby.   And it is further provided that "the findings of fact made by the *Commission* acting within its powers shall, in the absence of fraud, be conclusive."   In this case the *Commission* has twice made the finding of fact that the employer was not misled by such failure, and that finding of fact was intended by the legislature to be conclusive on this court.   The effect of the decision of this court will be to put confusion into the law where there was certainty before, and to endanger many just claims for compensation because of the short statute of limitations on notice of injury. Of course, no good reason can be given for the unjust discrimination as to common-law actions and compensation claims as to time of notice, if the power of the *Commission* to relieve from failure to give notice is to be restricted by the interpretation the court seems to give to sec. 2394—12, Stats.

But whatever is the construction of the statutes there should be an end of this protracted proceeding.   Sec. 3072*m*, Stats., is designed to bring about this very desirable purpose. I cannot see how the mandate of the court to send this case back for another round of argument, appeals, and dilatory proceedings can be justified.   For nearly six years a workman has been a helpless invalid as a result of an industrial accident under the compensation act.·  For five years his claim has been shuffled back and forth in a maze of legal intricacies, and the end is nowhere in sight.   I believe the law's delay is being made an instrument of oppression and injustice in this case.

For the reasons stated I respectfully dissent.