BASHAW VALLEY CO-OPERATIVE CREAMERY COMPANY, Appellant, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Respondents.

*November 8—December 3, 1929.*

For the appellant there was a brief by *Richmond, Jackman, Wilkie & Toebaas* of Madison, attorneys, and *Doherty, Rumble, Bunn & Butler* of St. Paul, Minnesota, of counsel, and oral argument by *Oscar T. Toebaas.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

*Harold E. Stafford* of Chippewa Falls, for the respondent Rhinehart.

STEVENS, J. The case presents the question whether the right to compensation is barred because application therefor is not filed within two years from the date of injury.

(1) Sec. 102.12 of the Statutes provides that no claim for compensation shall be maintained unless written notice of injury is given the employer within thirty days from the date of injury. The section contains three exceptions to this broad general rule. *First,* payment of compensation within this thirty-day period "shall be equivalent to the notice herein required." *Second,* failure to give any such written notice shall not bar recovery if "within the thirty-day period actual

notice of the injury was given to the employer or to any officer or manager of an employer." *Third,* if it is found by the commission that in failing to give notice there was no intention to mislead the employer and he was not in fact misled thereby.

Then follows the provision which it is claimed bars applicant's right to compensation in this case: "Provided, further, that if no such notice is given and no payment of compensation made, within two years from the date of the accident, the right to compensation therefor shall be wholly barred."

The case turns upon the meaning of the phrase "such notice" as used in the portion of the statute just quoted. When first enacted the workmen's compensation act did not provide for actual notice, but required written notice in all cases. Under this statute the phrase "such notice" of necessity referred to written notice alone. The appellant employer contends that this phrase still refers to written notice alone, although in 1921 the statute was so amended as to give to actual notice the same force and effect as if notice in writing had been given.

To hold that after the adoption of the amendment of 1921 this phrase still referred to written notice alone, the court must in effect insert the word "written" in the phrase, so that it will read "such *written* notice." To determine whether this was the legislative intent we must consider the purpose of the legislature in making the amendment of 1921. This amendment made actual notice as effective for every purpose as written notice, unless it be as to the single question whether the claim is barred by the two-year statute of limitations. The act of 1921 contains no evidence of any legislative intent to make this distinction between actual and written notice. The act of 1921 was so drafted that the legislature made "actual notice" the immediate antecedent of this phrase "such notice."

The purpose of notice is to inform the employer of the injury so that he may protect his interests by investigating the accident and by giving the injured employee such medical or other care as will tend to minimize disability resulting from injury. That purpose is served equally as well by either actual or written notice.

Giving the statute the liberal construction which should always be given to it in order to effect its beneficent purpose of placing the burden of industrial accidents upon those who enjoy the products of industry, rather than upon the injured employees, it must be held that the phrase in question refers to both written and actual notice.

(2) Under the phrase here in question the right to compensation is barred only in those cases where both "no such notice is given *and* no payment of compensation made within two years from the date of the accident." If either such notice is given or compensation paid within two years, the right to compensation is not barred. Actual notice having been given within the thirty-day period, the right to compensation was not barred by the failure to make application therefor within two years from the date of injury.

*By the Court.*—Judgment affirmed.

OWEN, J. (*dissenting*). I do not agree with the construction placed upon sec. 102.12, Stats. The workmen's compensation act was originally enacted as ch. 50, Laws of 1911. Sec. 102.12 appeared therein as sec. 2394—11. The dominant provision of that section was that no claim to recover compensation should be maintained unless within thirty days after the occurrence of the accident written notice should be given to the employer. The rigor of this notice, however, was relaxed under certain circumstances described in provisos immediately following the requirement that the written notice be given. The first of these was: "Provided, however, that any payment of compensation under this act, in whole or in part, made by the employer before the expiration

of said thirty days, shall be equivalent to the notice herein required." Plainly, "the notice herein required" was the written notice provided for. The next proviso at that time was as follows: "And provided further, that the failure to give *any such notice* . . . shall not be a bar to recovery under this act if it is found as a fact in the proceedings for the collection of the claim that there was no intention to mislead the employer, and that he was not in fact misled thereby." The expression "any such notice" plainly referred to the written notice first provided for. The act then further provided that "if no such notice is given and no payment of compensation made, within two years from the date of the accident, the right to compensation therefor shall be wholly barred." "Such notice" referred to in this proviso is plainly the written notice first required. As the act then stood, it is plain that failure to give the written notice within two years from the date of the accident wholly barred compensation unless compensation had been paid within two years.

By ch. 451, Laws of 1921, the second proviso of said sec. 2394—11 was amended so as to read: "And provided, further, that the failure to give any such notice, or any defect or inaccuracy therein, shall not be a bar to recovery under sections 2394—3 to 2394—31, inclusive, if it is found as a fact in the proceedings for collection of the claim that within the thirty-day period actual notice of the injury was given to the employer or to any officer or manager of an employer or company or to any other person designated by the employer for the purpose of receiving reports of injury, or if it is found that there was no intention to mislead the employer, and that he was not in fact misled thereby." To my mind, the purpose of this amendment was further to relax the rigor of the requirement of the written notice, just as payment of compensation was in the beginning made equivalent to written notice, and just as the finding that there was no intention to mislead the employer and that he was not in fact misled excused the failure to give the written

notice. The second proviso as it first appeared excused the giving of the written notice when it was found as a fact that there was no intention to mislead the employer and that he was not in fact misled thereby, and the amendment of 1921 further excused the failure to give the written notice when it was found as a fact that actual notice of the injury was given the employer within the thirty-day period. However, except as so excused or rendered unnecessary, the law retained the requirement concerning the thirty days' notice. The provision that if "no such notice is given and no payment of compensation made, within two years from the date of the accident, the right to compensation therefor shall be wholly barred," remains now the same as it was when this section was first enacted. When so enacted, it plainly referred to the written notice. If there was any purpose by the amendment of 1921 to change the meaning of this proviso, it is obscure indeed. A deliberate purpose on the part of the legislature to change the conditions under which said claim should be wholly barred could have been easily expressed and would not have been left in obscurity. It will be noticed that where the expression "such notice" appears in other parts of the section it without doubt has reference to the written notice. In view of the construction which the court now places on the last proviso relating to the barring of claims, it is difficult to see the reason for the provision requiring written notice at all. Under the construction now given the statute, every purpose served by the written notice is supplanted by the actual notice. From the beginning the written notice was the dominant feature of the statute and it should not be read out of it so casually.

It is because I am convinced that the construction placed upon the statute carries the effect of the amendment of 1921 much further than was intended, that I feel compelled to withhold my assent. Of course I agree most heartily to the

principle, reiterated time and again, that this is a beneficent statute and is to be construed so as to effectuate its beneficent purpose. However, the beneficence was not intended to be boundless in its extent. The beneficence was created by the legislature, and the bounds within which it is circumscribed by the legislature demand the respect of the court as much as does the dominant purpose of the act. Legislative beneficence should be confined within legislative bounds.

I am authorized to state that Mr. Justice FOWLER concurs in these views.