VAN DOMELON, Respondent, vs. INDUSTRIAL COMMISSION and others, Appellants.

*May 8—June 6, 1933.*

For the appellant Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan*, assistant attorney general, and oral argument by *Mr. Levitan* and *Mr. Joseph G. Hirschberg*, deputy attorney general.

For the appellants town of Vanden Broeck and Globe Indemnity Company there was a brief by *Quarles, Spence & Quarles*, attorneys, and *William J. Geenen* of counsel, all of Milwaukee, and oral argument by *Mr. Geenen*.

For the respondent there was a brief by *Benton, Bosser & Tuttrup*, attorneys, and *Edgar E. Becker* of counsel, all of Appleton, and oral argument by *Mr. Becker* and *Mr. Roger R. Tuttrup*.

FRITZ, J.   Plaintiff contends that the judgment appealed from is not appealable; that it is in effect merely an intermediate order which neither determined the action, nor prevented a judgment from which an appeal might be taken by defendants.   That contention is erroneous.   The judgment was entered in an action which is authorized by sec. 102.23, Stats., for the review of an order or award of the Industrial Commission.   That statute provides that upon the hearing "the court may confirm or set aside such order or award;" and also that "The record in any case shall be transmitted to the commission within twenty days after the order or judgment of the court, *unless appeal* shall be taken from such order or judgment."

Furthermore, sec. 102.25, Stats., provides:

"Said commission, or any party aggrieved by a judgment entered upon the review of any order or award, may appeal therefrom within the time and in the manner provided for an appeal from the orders of the circuit court. . . ."

Obviously the provision last quoted expressly authorizes an appeal from a judgment entered upon the review of any

order or award made by the Industrial Commission. Such a judgment, whether it affirms or sets aside an order or award of the commission, is the final determination which the court is to make in so far as the particular action, in which the judgment is entered, is concerned. It is not to be followed by any subsequent order or judgment in that action, and, consequently, it is not a mere intermediate or interlocutory order or judgment. If, after setting aside an order or award, a new order or award is subsequently made by the commission, in further proceedings upon a remanded record, in relation to the original application for compensation, then such new order or award is not reviewable in the action which was theretofore commenced and prosecuted to judgment in relation to a former order or award. Each proceeding to review an order or award of the commission is an action against the commission and such parties as may have an interest in sustaining such order or award. When the court in such an action either confirms or sets aside the commission's order or award, the court's adjudication constitutes the final determination in that action. If thereafter any person feels aggrieved by a subsequent order or award of the commission in relation to the same application for compensation, a new and separate action to review that order or award must be instituted by the person aggrieved.

The judgment appealed from set aside the Industrial Commission's order dismissing plaintiff's claim for compensation for injuries alleged to have been received by him while in the employ of the town of Vanden Broeck. That order was based upon the commission's finding and conclusion,—

"That no notice of injury as provided in sec. 102.12 of the Statutes, in effect on January 9, 1929, was given by the applicant to the respondent within thirty days, and inasmuch as no payment of compensation was made within two years from January 9, 1929, the claim of the applicant for com-

pensation is barred and the commission has no authority to award compensation to him, even if it were to find that the disability for which he is claiming compensation resulted because of his employment by the respondent as alleged by him."

As the evidence did not admit of finding that any payment of compensation for the disability had been made by the town to the plaintiff, and as no written notice of injury had ever been given on his behalf, in compliance with sec. 102.12, Stats., plaintiff's right to compensation, upon the application involved in this action, was wholly barred by virtue of that statute, unless, within thirty days after the occurrence of the accident, which is claimed to have caused plaintiff's disability, "actual notice of the injury was given to the employer or to any officer. . . ." Plaintiff contends that the evidence entitled him to a finding that such actual notice was duly given.

It is undisputed that on January 9, 1929, plaintiff became ill because of heart trouble, while he was driving his team in helping others, who were likewise employed by the town, to remove snow from a town road. The evidence, in relation to the issue of whether the town was given actual notice of injury, is to the following effect: The town pathmaster was present when plaintiff became ill, and noticed that he quit when the crew reached his home and plaintiff's son was substituted to drive plaintiff's team. He also knew that thereafter plaintiff was in bad physical condition, and he stayed with plaintiff for two weeks during plaintiff's illness. The town treasurer visited plaintiff on January 17 or 18, 1929, and plaintiff said to him, "I got all played out working on the road." A town supervisor also learned that plaintiff had become ill while working on the road, and was requested, on January 29, 1929, to have the road opened up so that plaintiff could be removed to a hospital. The town chairman was also requested to have the road opened up, and he took plaintiff part of the way to the hospital on

January 29, 1929; but he did not know, until two months thereafter, that plaintiff had become ill while working on the road.

The Industrial Commission in its findings said:

"It appears from the record that within thirty days from January 9, 1929, the respondent knew that applicant was disabled but that within said thirty days there was no knowledge on the part of respondent that applicant was suffering a disability for which he was claiming compensation from the respondent for such disability. It was not known by the respondent that applicant was claiming compensation for such disability until the lapse of several months' time from January 9, 1929."

It will be noted that although the commission thereby found that the town knew, within thirty days from January 9, 1929, that plaintiff was disabled, the commission did not find that, within that period, the town knew or had actual notice of injury to plaintiff; or that his disability was because of injury to him, which was proximately caused by the occurrence of an accident; or that it was disability for which he claimed, or was entitled to compensation from the town.

On the contrary, instead of making any finding to that effect, the commission followed the findings last above quoted with its sweeping and unequivocal finding that "no notice of injury, as provided in sec. 102.12 of the Statutes in effect on January 9, 1929, was given by the applicant to the respondent within thirty days." That finding, that no notice of injury had been given to the town, is the only finding which determines the ultimate issue of fact, viz., whether actual notice of the injury (as distinguished from knowledge of mere illness or disability on plaintiff's part) was given to the employer within the thirty-day period; and that finding is not inconsistent with the evidence, or with the prior finding that the town had knowledge of plaintiff's disability.

Manifestly, under the facts in this case, the town's knowledge as to mere disability was not necessarily equivalent to actual notice of injury. No accident causing visible physical injury to plaintiff had occurred, and it does not appear that there were any objective symptoms, which could be considered indicative to any of the town's officers or employees, during that thirty-day period, of the occurrence of any compensable injury to plaintiff. For all that the town or its officers or employees knew, plaintiff's inability to continue with the work on January 9, 1929, might well have been due entirely to some internal disorder or disease, which was not caused by any injury.

In that respect, the facts in the case at bar differ materially from the facts in relation to the issue of actual notice to the employer of injury sustained by an employee, which were of controlling significance in the cases of *Frank Martin-Laskin Co. v. Goetsch,* 172 Wis. 548, 179 N. W. 740; *Bashaw Valley Co-op. C. Co. v. Industrial Comm.* 200 Wis. 237, 227 N. W. 950. In each of those cases visible physical injury was sustained by the employee, and was observable and actually known to the employer immediately after the occurrence of an industrial accident. Obviously, knowledge of disability sustained by an employee in an industrial accident, under circumstances affording actual and immediate notice to the employer of injury accidentally sustained by an employee while performing service growing out of and incidental to his employment, is decidedly different from mere knowledge of disability of an employee upon his becoming ill while engaged in performing such service. Mere knowledge on the part of the employer that an employee became sick while at work should not, in the absence of some knowledge on the part of the employer that some injury was accidentally sustained by the employee, or that such sickness commonly results from continued exposure in such occupation, be considered as con-

stituting "actual notice of the injury," which is required by statute. *Bloomfield v. November,* 223 N. Y. 265, 119 N. E. 705, 706; *Kangas' Case* (Mass.) 184 N. E. 380, 381; *Bartlett's Case,* 125 Me. 374, 134 Atl. 163, 164. In case of disability which is the result of an occupational disease, suffered because of working under conditions which are well known to result commonly in such disease, sufficient actual notice of injury may be inferred under such facts and circumstances as existed in *Zurich Gen. Acc. & L. Ins. Co. v. Industrial Comm.* 203 Wis. 135, 146, 147, 233 N. W. 772. However, it must be noted that in that case the commission made a finding that the employer had "actual notice" within the meaning of the statute; and, although the notice was far from satisfactory and was decidedly informal, this court confirmed the commission's award primarily because there was some evidence which admitted of inferences sustaining the commission's finding. That was done in accordance with the established rule, that in the field of inferences from evidentiary facts the commission's action is final and controlling under the authority conferred upon it by law, unless it appears that there is no reasonable basis for its conclusions under the facts and circumstances before it, and that therefore its action is without or in excess of its powers. *Milwaukee Western F. Co. v. Industrial Comm.* 159 Wis. 635, 150 N. W. 998; *Scott & Howe L. Co. v. Industrial Comm.* 184 Wis. 276, 199 N. W. 159; *Pfister & Vogel L. Co. v. Industrial Comm.* 194 Wis. 131, 215 N. W. 815; *Winter v. Industrial Comm.* 205 Wis. 246, 237 N. W. 106. That rule is equally applicable in the case at bar, and necessitates confirming the commission's findings and its order, which denied plaintiff's claim for compensation and dismissed his application.

*By the Court*—Judgment reversed, and cause remanded with directions to enter judgment confirming the order of the Industrial Commission.