FEDERAL RUBBER COMPANY and another, Appellants, vs.
INDUSTRIAL COMMISSION OF WISCONSIN and another,
Respondents.

*November 15—December 9, 1924.*

*Limitation of actions: Claims under workmen's compensation act.*

· 1. Although the enforcement of a claim under the workmen's
compensation act is not an "action," it is a "proceeding,"
within the meaning of secs. 4206–4252, Stats., relating to
limitation of actions and proceedings, so that a claim of an
injured employee for permanent injury, who has been paid
temporary compensation, is barred by the six-year statute of
limitations (sub. (4), sec. 4222), the case not coming within
either sec. 102.12 or sec. 102.16 of the compensation act, the
only two provisions in the act for barring claims. p. 300.
2. The title of an act may be resorted to in order to resolve a
doubt. p. 301.

OWEN, ROSENBERRY, and CROWNHART, JJ., dissent.

APPEAL from a judgment of the circuit court for Dane
county: E. RAY STEVENS, Circuit Judge. *Reversed.*

Claimant's right eye was injured September 15, 1913, in
the course of his employment by the plaintiff *Federal Rubber
Company.* He was disabled till a short time after December
23, 1913, and compensation was paid him during his disa-
bility and his medical and hospital expenses were paid by
his employer. It was ascertained by claimant in December,
1913, that the sight of his right eye was totally destroyed
for industrial purposes, but no claim for such destruction
of sight was made until October 24, 1921, when he filed a
claim with the *Industrial Commission.* It made an award
in the sum of $1,078.39, and the plaintiff began an action
in the circuit court for Dane county to set it aside because
barred by the six-year statute of limitations. The court
affirmed the award of the *Industrial Commission,* and from
a judgment entered accordingly the plaintiffs appealed.

For the appellants there were briefs by *McMahon,
McMahon & Hayes* of Milwaukee, and oral argument by
*Gerald P. Hayes.*

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

VINJE, C. J.    The appeal presents the question whether the claim of an injured employee for a permanent injury under the workmen's compensation act who has been paid temporary compensation is barred by the six-year statute of limitations, sub. (4), sec. 4222, the claim being a liability created by statute other than a penalty or forfeiture and no other limitation being prescribed.

So far as we have been able to discover, only two provisions for barring claims are contained in the workmen's compensation act.    One relates to the compromise of claims and provides that an application to review, set aside, modify, or confirm it must be made within one year from the time of such compromise.    Sub. (1), sec. 102.16, Stats. 1923. The other provides that where no notice of injury is given and no payment of compensation is made within two years of the accident the claim shall be wholly barred.    Sec. 102.12, Stats. 1923.

It will readily be seen that the present case does not fall under either provision, because here notice was given and temporary compensation was paid and there was no compromise settlement.

The trial court came to the conclusion in effect that since the claim of the employee did not in terms come within any statute of limitations none applied to it.    It held that the proceeding before the *Commission* was not an action within the meaning of the statute, sub. (4), sec. 4222, and hence the provisions of that section did not apply to it.    While we concur in saying that the enforcement of a claim under the compensation act is not the prosecution of an action as defined by statute, we nevertheless reach the conclusion that the limitation statutes apply to it.    There can be no question that before the enactment of the compensation act

a cause of action founded upon personal injury was barred in six years. What the legislature did was to take away this cause of action and substitute for it claim and proceeding under the compensation act, making no change, as to this claim, when it should be barred. Since the revision of 1878 down to and including the Statutes of 1923 the title of the chapter has been "Limitations of commencement of actions and proceedings," and under it has appeared the provisions that claims filed with a city or county board, or a county court, should be deemed the commencement of an action. Sec. 4242, Stats. 1913. Later, and by ch. 553, Laws of 1917, as to claims filed against cities and counties the time began to run when the claim was disallowed and not when it was filed, and the time for bringing the action was limited to six months. The enforcement of a claim under the workmen's compensation act is certainly a proceeding coming well within the title of ch. 330, Stats., relating to limitation of actions. To resolve a doubt the title to an act may be resorted to. *State ex rel. McManman v. Thomas,* 150 Wis. 190, 136 N. W. 623, and cases cited.

When we consider the fact that the workmen's compensation act was enacted to secure a certain, speedy, and inexpensive method of adjusting such claims, and that the two limitations therein contained shorten the period from six to one and two years respectively, we cannot believe that it was the legislative intent that claims not falling within those limitations should never be barred. The claim filed with the *Commission* and its enforcement is the substitute for the common-law action, and being such it is subject to the same period of limitations in the absence of a contrary legislative provision.

In the case of *McIntyre v. McGovern, ante,* p. 290, 201 N. W. 259 (decided December 9, 1924), we held that where a guarantor of the collection of a note was sued the action could not be maintained upon a mere allegation that the original debtor was insolvent and that only a small per cent.

of the claim could be recovered in the receivership proceedings. It was there pointed out that the receivership proceedings were a substitute for the action at law and that the relief must be pursued to the end in such proceedings before an action could be maintained against the guarantor of collection. So here the proceedings under the compensation act are the substitute for the common-law action, and in the absence of a different provision barring the claim the one relating to the common-law cause of action will be deemed to apply to it.

Statutes of repose have always been regarded by both law and equity as conducive to peace and good order and an early settlement of claims. The modern tendencies of legislation—following the speed urge of the age—are to shorten the period of limitations. For analogous cases reaching the same result under somewhat similar statutes see *Cooke v. Holland F. Co.* 200 Mich. 192, 166 N. W. 1013; *Ehrhart v. Industrial Acc. Comm.* 172 Cal. 621, 158 Pac. 193; *Utah C. M. Co. v. Industrial Comm.* 57 Utah, 279, 194 Pac. 657, 16 A. L. R. 458. *Contra,* see *Baur v. Common Pleas Court,* 88 N. J. Law, 128, 95 Atl. 627; *State ex rel. Anderson v. General Acc. F. & L. A. Corp.* 134 Minn. 21, 158 N. W. 715.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment setting aside the award of the *Commission*.

Owen, J. (*dissenting*). Limitations upon the time for commencing actions or proceedings or enforcing remedial rights are statutory in their origin. It is conceded that there is no express statute which bars the claim. Even granting that the allowance of this claim by the *Industrial Commission* constitutes a proceeding within the meaning of the title of ch. 177, Stats. 1921 (which I do not believe), we find no provision in that chapter which bars the presentation and consideration of this claim. The court concludes that it was the legislative intention that this claim should

Schumacher v. Railroad Comm. 185 Wis. 303.

be barred within six years because the former personal-injury action was barred in that time. I do not think this is sound nor permissible.

The old law of master and servant was scrapped as social and economic obsolescence and was supplanted by a complete and comprehensive scheme for the compensation of industrial accidents. It has not been customary to resort to the old law of master and servant for analogies to aid in the construction of the workmen's compensation act because that act is based upon principles entirely incompatible with the former law. The framers of the workmen's compensation act expressly provided for two limitations. The logical inference is that they did not intend to provide any further limitations.

I cannot but regard the decision in this case as a judicial invasion of the legislative field, and I must dissent.

·I am authorized to state that Mr. Justice ROSENBERRY and Mr. Justice CROWNHART concur in these views.