A. D. Thomson & Company, Appellant, vs. Industrial Commission of Wisconsin and another, Respondents.

*December 9, 1927—January 10, 1928.*

*Workmen's compensation: Cause of illness of employee: Finding of industrial commission: Failure to give notice of injury: Burden of proof.*

1. Where there is a difference of opinion between experts as to the cause of the illness of an employee, the finding of the industrial commission is conclusive unless clearly against all the credible testimony or so inherently unreasonable in itself as not to be entitled to any weight. p. 602.

2. In an action to review an award of the industrial commission under the workmen's compensation act, a finding that the employee's pulmonary tuberculosis was caused by the nature of his employment and during the term of employment is *held* to be sustained by the evidence, notwithstanding the employee at the time of entering the employment may have had a latent or slumbering form of tuberculosis. p. 603.

3. The burden rests on the employer to show that he has been prejudiced by the employee's failure to give the statutory notice of injury; and in the absence of such proof the failure to give notice is immaterial. p. 603.

A. D. Thomson & Co. v. Industrial Comm. 194 Wis. 600.

APPEAL from a judgment of the circuit court for Dane county: AUGUST C. HOPPMANN, Circuit Judge. *Affirmed.*

The respondent *John Jepson* entered the employ of *A. D. Thomson & Company* September 10, 1924, and continued in its employ with the exception of a few days until December 3, 1924. It is claimed by him that during such employment he contracted the disease of pulmonary tuberculosis, owing to the great amount of wheat dust he was working in while in its employ. The *Industrial Commission* made a finding that "during the applicant's employment for the respondent and as a result of the hazards growing out of and incidental to his employment the applicant herein contracted tuberculosis, resulting in his disability on December 4, 1924, and continuous temporary total disability from said date up to and including the date of the hearing on January 13, 1926." The *Commission* also found: "While the applicant failed to serve written notice upon the respondent of his disability contracted in the course of his employment in accordance with the statute, nevertheless the *Commission* finds as a fact that the respondent was not misled as a result of his failure to receive such written notice, nor was there any intention on the part of the applicant to mislead the respondent herein with respect to notice, the record clearly indicating that immediately after the applicant had knowledge of his condition he submitted himself to proper treatment." To test the correctness of these findings *A. D. Thomson & Company* brought·an action in the circuit court for Dane county and it entered a judgment affirming the award of the *Commission,* from which judgment *A. D. Thomson & Company* appealed.

For the appellant there was a brief by *Murphy & Hughes* of Superior, and oral argument by *C. J. Hughes.*

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondent *Jepson* there was a brief by *John A. Cadigan,* attorney, and *Cadigan & Cadigan,* of counsel, all of Superior, and oral argument by *John A. Cadigan.*

Vinje, C. J.   The only questions raised by the appeal are questions of facts, namely, whether there was evidence sufficient to authorize the *Industrial Commission* to find that tuberculosis was contracted by the employee while in the course of his employment; and second, whether the employer was prejudiced or misled by reason of no notice of the contracting of such tuberculosis being given to the employer. The evidence is practically conclusive that at the termination of the employment in December, 1914, the employee had a well developed form óf tuberculosis.   It is quite conclusive, also, that previous to his entering upon the employment he was free from tuberculosis.   The latter fact is controverted by the appellant, but the evidence is quite clear and satisfactory that if *Jepson* was suffering from tuberculosis at all at the time he entered the employment of *A. D. Thomson & Company* it was a latent or slumbering form and that the dust in which he worked during the term of his employment lit up such latent or slumbering form of tuberculosis. The employee claims that he was well and had been examined medically a short time before he entered the employ of *A. D. Thomson & Company* and that he had no tuberculosis. Dr. O'Leary, who had examined him a number of times since his employment and before his discharge, was of the opinion that "the condition of this man could be traced back to the nature of his employment."   Drs. Tuohy, Orchard, and Schnell, who had also examined him, were of the opinion that the duration of his employment was too short to attribute his condition at the time of his examination to such employment.   Where, as here, there is a difference of opinion between experts as to the cause of the sickness, it is for the *Industrial Commission* to make a finding as to

such contested matter, and unless such finding is clearly against all the credible testimony, or so inherently unreasonable in itself as not to be entitled to any weight, the conclusion arrived at by the *Commission* is final. We fail to see that the finding made by the *Commission,* sustained as it is by the trial court, is not conclusive upon us. Where, as here, we have a finding of fact or conclusion from undisputed testimony not so unreasonable in itself as to be disregarded, we are concluded by the result arrived at by the *Commission.* We therefore conclude that the finding that tuberculosis in this case was caused by the nature of the employment and during the term of the employment is sustained by sufficient evidence.

It is conceded that the employee failed to give the statutory notice. There is no evidence in the record to show that the employer was in any way prejudiced thereby. The burden rests upon the employer, in case there has been a failure to give notice, to show that he has been prejudiced. In the absence of such proof the failure to give notice is immaterial.

*By the Court.*—Judgment affirmed.