ACME BODY WORKS and another, Appellants, vs. INDUSTRIAL COMMISSION OF WISCONSIN and others, Respondents.

*January 16—May 12, 1931.*

494

For the appellants there was a brief by *Olin & Butler,* and oral argument by *Byron H. Stebbins,* all of Madison.

For the respondents there was a brief by *L. Hugo Keller* of Appleton, attorney for Herman Koepsel, and the *Attor-*

*ney General* and *Mortimer Levitan,* assistant attorney general, attorneys for the Industrial Commission, and oral argument by *Mr. Keller* and *Mr. Levitan.*

The following opinion was filed February 10, 1931:

OWEN, J. The Industrial Commission made an award of compensation in favor of Herman Koepsel and against the Acme Body Works and its insurance carrier the Travelers Insurance Company. The injury for which the award was made was industrial blindness of the left eye, which the Industrial Commission found to have resulted from an injury to the eye sustained by Koepsel while in the employ of the Acme Body Works June 23, 1920. It is contended by the appellants that the evidence does not support the finding that the industrial blindness resulted. from the injury which it is admitted was sustained by Koepsel while in the employ of the Acme Body Works in June, 1920.

It appears that on June 23, 1920, when Koepsel was in the employ of the Acme Body Works, he was struck in the left eye by a knot while operating a saw. He returned to work July 28, 1920, receiving compensation for temporary total disability during the intervening period. He was fitted with glasses by Dr. Rector May 18, 1921, who found no cataract at that time, but did discover congenital stigmatism in both eyes. July 12, 1926, while working for the Greunke Grading Company, a particle of stone or steel struck his left eye. July 18, 1926, he went to Dr. Brooks, who removed a foreign substance from the eye and found a cataract causing industrial blindness of the eye. December 22, 1926, Koepsel filed an application for compensation against the Greunke Grading Company, claiming that the injury of July 12, 1926, had resulted in the loss of sight in his left eye. After taking evidence at a couple of hearings, the Industrial Commission made the Acme Body Works and its insurance carrier, the Travelers Insurance Company, parties to that proceeding.

Thereafter other hearings were held and more evidence was taken, resulting in a finding of the Industrial Commission that the blindness of the eye was due to the first injury received by Koepsel while in the employ of the Acme Body Works June 23, 1920. It is claimed that this finding is not supported by the evidence.

While it is tacitly conceded that the evidence discloses a possibility that the injury was due to the accident of 1920, it is earnestly contended that it does not rise to the dignity of a probability that it was the result of that accident. The evidence is necessarily expert in character. There is no dispute but that the present condition of the eye is due to a cataract. There is agreement on the part of all the experts that a cataract may be congenital, senile, or traumatic. There is no difference among the experts upon the proposition that this cataract is traumatic in character. There is no evidence that the claimant sustained any injury to his eye except the one in 1920 and the one in 1926. It appears from the testimony that the formation of a cataract on June 18, 1926, is an unusual result from either the injury of 1920 or that of July 12, 1926. However, so far as the evidence reveals, it seems clear that we have here, first, a traumatic cataract, and second, that it must have resulted from one injury or the other. The experts seemingly agree that the condition of claimant's eye could not have resulted from the 1926 injury. The period intervening between that injury and the discovery of the cataract did not allow a sufficient time for its formation. We find quite complete accord in the evidence of the experts for eliminating the injury of 1926 as the cause of the cataract. While there is greater difference between the experts as to whether the cataract could have resulted from the injury of 1920, we think there is sufficient in the evidence to show that the injury of 1920 was the cause of the cataract, producing claimant's industrial blindness.

The cause and origin of disease is often obscure and elusive. It is not subject to exact and definite proof comparable to physical facts. Unless a determination of such questions can rest on a preponderance of probabilities, justice must often be defeated. With reference to a germ disease this court has said: "It is often impossible to find the source from which a germ causing disease has come. The germ leaves no trail that can be followed. Proof often does not pass beyond the stage of possibilities or probabilities, because no one can testify positively to the source from which the germ came, as can be done in the case of physical facts which may be observed and concerning which witnesses can acquire positive knowledge. Under such circumstances the Industrial Commission or the court can base its findings upon a preponderance of probabilities or of the inferences that may be drawn from established facts." *Pfister & Vogel L. Co. v. Industrial Comm.* 194 Wis. 131, 133, 215 N. W. 815; citing *Vilter Mfg. Co. v. Industrial Comm.* 192 Wis. 362, 212 N. W. 641. See, also, *Hafemann v. Seymer,* 195 Wis. 625, 219 N. W. 375. This rule is applicable here. The evidence eliminates everything except the injury of 1920 as a cause of the cataract. While the result is unusual it is not impossible. We have, therefore, a cataract due to some injury. The only injury to which it may be attributed is that of 1920. Under the circumstances, a finding that it was so caused is supported by at least a preponderance of probabilities.

It is further contended that the statute of limitations has run on applicant's claim. It was held in *Federal Rubber Co. v. Industrial Comm.* 185 Wis. 299, 201 N. W. 261, that the general six-year statute of limitations applied to claims for compensation. It is pointed out that in common-law actions to recover damages for physical injuries the statute of limitations begins to run from the date of the accident.

*Siebert v. Jacob Dudenhoefer Co.* 178 Wis. 191, 188 N. W. 610; 17 Ruling Case Law, p. 764; 37 Corp. Jur. p. 897. It is accordingly contended that in compensation cases the statute runs from the date of the accident. However, since the decision in *Federal Rubber Co. v. Industrial Comm.* 185 Wis. 299, 201 N. W. 261, there was written into sec. 102.12, Stats., a specific provision reading: "In no event shall the right of an employee, his legal representative or dependent, to proceed under section 102.17 extend beyond six years from the date of injury or death or from the date that compensation (other than medical treatment or burial expenses) was last paid, whichever date is most recent." This is a specific statute of limitations. It was not incorporated in the general statute relating to the limitations of actions. The enactment of this amendment would seem to indicate a legislative belief that the provisions relating generally to the limitations of actions did not apply to proceedings under the workmen's compensation act, notwithstanding the decision in the *Federal Rubber Company Case.* Either that, or a legislative intent that there should be a different time fixed when the statute of limitations should begin to run.

It will be noticed that under the amendment of 1929 the statute of limitations begins to run from the "date of the injury" and not from the date of the accident from which the injury resulted. Under the workmen's compensation act the date of the injury and the date of the accident are not convertible terms. It is generally held under workmen's compensation acts that injury results when the right to compensation arises. Injury and compensable disability are more in the nature of synonymous terms than are date of injury and date of the accident. Thus, in *Esposito v. Marlin-Rockwell Corp.* 96 Conn. 414, 114 Atl. 92, it is said: "A compensable injury is an injury for which compensation is payable, and the date of such an injury is not the time of the accident or occurrence causing injury, but the time . . .

when the right to compensation accrues." See, also, *Bergeron's Case,* 243 Mass. 366, 137 N. E. 739; *Johnson v. London G. & A. Co.* 217 Mass. 388, 104 N. E. 735; *In re Brown,* 228 Mass. 31, 116 N. E. 897; *In re McCaskey,* 65 Ind. App. 349, 117 N. E. 268; *Johansen v. Union Stockyards Co.* 99 Neb. 328, 156 N. W. 511; *Stolp v. Department of Labor and Industries,* 138 Wash. 685, 245 Pac. 20. To the same effect are our own decisions. *Frank Martin-Laskin Co. v. Goetsch,* 172 Wis. 548, 179 N. W. 740; *Schaefer & Co. v. Industrial Comm.* 185 Wis. 317, 201 N. W. 396; *Zurich General Acc. & L. Ins. Co. v. Industrial Comm.* 203 Wis. 135, 233 N. W. 772. Claimant's injury for which he was awarded compensation did not occur until after June 12, 1926, when total blindness resulted and when his right to compensation for partial total disability arose.

It is further contended that Koepsel released the Acme Body Works and its insurance carrier from further compensation when they paid him temporary disability compensation in 1920. He was injured June 23, 1920, and returned to work July 28, 1920. He was paid $70.72 as compensation for temporary total disability during that period. On August 6th he signed a receipt for that amount, which provided that "in consideration of which [said $70.72] I hereby release and forever discharge the said insurance company, and my said employer, their heirs, successors and assigns, from any and all actions, causes of action, claims and demands, for, upon, or by reason of any damage, loss, injury, or suffering which heretofore has been or which hereafter may be sustained by me in consequence of an accident suffered by me on or about the 23d day of June, 1920, and while in the employment of said employer, which caused a disability until the 27th day of July, 1920." There is nothing in the record to indicate that the amount thus paid to the applicant was any greater than the amount to which he was then entitled as compensation up to the time of payment.

He was paid, therefore, nothing except that which was his legal due at the time of payment, and there was no consideration for his relinquishment of future claims. The situation is governed, and the contention is completely answered, by the decision of this court in *Milwaukee Coke & Gas Co. v. Industrial Comm.* 160 Wis. 247, 151 N. W. 245.

*By the Court.*—Judgment affirmed.

The following opinion was filed May 12, 1931:

Owen, J. (*on motion for rehearing*). Upon motion for rehearing appellants contend that the conclusion announced could have been reached only by applying the 1929 amendment to sec. 102.12, Stats., and argue that that amendment could have no retroactive effect, citing sec. 370.06, Stats., and that the case of *Federal Rubber Co. v. Industrial Comm.* 185 Wis. 299, 201 N. W. 261, inevitably ruled the situation contrary to the disposition of this court. It is also argued for the respondents that the opinion in this case overrules the opinion in the *Federal Rubber Company Case.* As neither view is the view of the court, it is obvious that there is room for clarification of the opinion.

The court did not consider that the *Federal Rubber Company Case* foreclosed the result reached. That case did not present the question of when the six-year statute there applied began to run. In that case total disability as well as the physical injury occurred more than six years prior to the institution of proceedings to secure compensation. So that the statute of limitations there applied had fully run no matter whether the cause of action was deemed to accrue at the time of total disability or the sustaining of the physical injury. This case was decided on the theory that the *Federal Rubber Company Case* only decided that the six-year statute there considered applied in workmen's compensation cases; that it did not decide when the statute of limitations commenced to run; that under well settled doctrine in the field

of workmen's compensation law, the date of disability fixes the date of injury, and that the statute of limitations in this case did not commence to run until total disability resulted. As application for compensation was here made within six years after the occurrence of total disability, the statute of limitations had not run, even though the ruling of the court in the *Federal Rubber Company Case* that the statute there considered applied to claims for compensation was correct.