NELSON, Appellant, vs. INDUSTRIAL COMMISSION and another, Respondents.

*February 5—March 5, 1935.*

*Alfred E. La France* of Racine, for the appellant.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

*Charles H. Gorman* of Milwaukee, for the respondents H. & M. Body Corporation and American Mutual Liability Insurance Company.

FRITZ, J. The commission denied plaintiff's application for compensation on the ground that his claim was barred by reason of the six-year statute of limitations, sec. 330.19, Stats., which in *Federal Rubber Co. v. Industrial Comm.* 185 Wis. 299, 201 N. W. 261, and in *Acme Body Works v. Industrial Comm.* 204 Wis. 493, 234 N. W. 756, 236 N. W. 378, was held applicable to claims under the Workmen's Compensation Act.

On August 12, 1925, plaintiff was injured when a metal chip struck his right eye while he was working for the H. & M. Body Corporation. He immediately went to the employer's first-aid room and was sent to a physician for treatment. On the latter's advice he returned to work on August 17, 1925, but as his vision was so blurred that he could not do his work properly, after trying to work for an hour and three-quarters, he reported at the first-aid room and asked to be sent to another physician. Although he stopped working at that time and was not paid any compensation on account of his disability, he made no claim for compensation until he wrote a letter to the commission on May 16, 1932. No application for compensation was filed by him until April 11, 1933. On that application, the commission, after a hearing, found that immediately following his injury on August 12, 1925, plaintiff noticed a blurring of vision; that on August 13, 1925, he was unable to work; that on August 17, 1925, his foreman told him to discontinue work because of the condition of his eye; that that condition grew progressively worse and resulted in a total loss of vision at the time of hearing; that his claim for compensation arose when he discontinued that employment "at which time he should have known the nature of his disability and its relation to his employment," but that he made no claim for compensation until May 12, 1932, and filed no application therefor until April 11, 1933. The commission concluded that his claim was barred by reason of the statute of limitations.

In this action plaintiff contends: (1) That the commission's findings are not supported by credible evidence, and (2) that its conclusion is not in accordance with law. Neither contention can be sustained. That plaintiff sustained total disability because of industrial blindness in the right eye, on or before August 17, 1925, was established by his own testimony and admissions, that on August 12, 1925, when he returned to his work shortly after the accident, he "couldn't look in the light," noticed that he could not see his tools and other objects in his line of work, and was "unable to work because the eye blurred and was very painful;" that on August 17, 1925, he tried for an hour and three-quarters but was not able to work, and did not work for the H. & M. Body Corporation since that time. Likewise, in his letters to the commission under date of May 16, 1932, he wrote that on August 12, 1925, "I was cut in the right eye with a piece of steel, which caused me to go blind ever since;" and in his letter under date of May 23, 1932, he wrote: "I was disabled the minute it happened. . . . On the following Saturday I had a hemorrhage in the eye and daylight was gone ever since. . . . I went back to the company and asked to go to another doctor as I was blind in that eye and the doctor wanted me to work which I could not." Furthermore, in a statement dated August 8, 1932, he said, in respect to the time he went to work on August 17, 1925: "I could not see a thing with this eye then. I have never been able to see a thing with this eye since." Those admissions clearly warranted the commission in finding that total disability because of industrial blindness had occurred by August 17, 1925, even though they are in conflict with some testimony by plaintiff that he could see objects and discern light from darkness up to the fall of 1927 and the spring of 1928. Consequently, the commission's findings cannot be disturbed, and, in view of those findings, plaintiff's claim for compensation became barred upon the expiration of the period of six years from August 17, 1925, because of

his failure to file an application within that period. *Federal Rubber Co. v. Industrial Comm., supra; Acme Body Works v. Industrial Comm., supra.* The decisions in those cases established that the six-year period of limitation prescribed by sec. 330.19, Stats., is applicable as a bar against claims under the Workmen's Compensation Act; and in the *Acme Case* it was definitely held that that period of limitation commences to run from the date of injury, which in cases of loss of vision is the date on which total disability resulted. Those propositions are applicable in the case at bar, notwithstanding plaintiff's contentions to the contrary.

*By the Court.*—Judgment affirmed.