In the Matter of the Claim of EDDIE BELMONT, Respondent, against PARAMOUNT PUBLIX CORPORATION and Others (PARAMOUNT THEATRE) and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal by the employer and its insurance carrier from an award of the State Industrial Board in favor of claimant. The employer was engaged in the business of operating a theatre and claimant was employed by it as a dancer. While engaged in her regular occupation and while walking off the stage she tripped over a cable causing a lamp to fall which struck her on the head and resulted in injuring her teeth. As a result the right upper lateral incisor was damaged to such an extent that it became necessary to extract it and to replace the same with a permanent tooth fixed in two gold inlays serving as abutments. The total expense was $113, $13 of which was incurred prior to the extraction of the tooth. Appellants have appealed from the award of $100 for services in replacing the extracted tooth. The replacement of a tooth is " such medical, surgical or other  *  *  *  treatment  *  *  *  and apparatus  *  *  *  as the nature of the injury  *  *  * may require," as authorized by section 13 of the Workmen's Compensation Law. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of JACOB WIZNITZER, Respondent, against B. ASNER and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award " at the rate of $14.00 per week, with a lien thereon to Craig Colony State Hospital at the rate of $14.00 per week for medical, surgical or other attendance or treatment, nurse or hospital service, etc., covering the period " named therein. There is another award of twenty dollars per week. From this no appeal was taken, and the carrier is paying thereunder. The proof indicates that the service furnished by the Craig Hospital includes all living expenses including personal clothing. The expenses for such items may not be included under section 13 of the Workmen's Compensation Law. (*Matter of David* v. *Arborio*, 241 App. Div. 900.) There is no proof of necessity for hospitalization. Award reversed, with costs against the State Industrial Board. Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ., concur.

In the Matter of the Claim of FRANK STODDARD, Respondent, against CLIFFORD STODDARD and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award in favor of claimant. The evidence supports the finding that while in the course of his employment, claimant struck his right knee cap with a hammer, which subsequently resulted in marked swelling of the knee joint, with restriction of motion in the knee in flexion and extension, which condition is permanent, and that such permanent loss of use is the natural and unavoidable result of such accidental injury and the consequences and effects thereof. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.