A. D. Thomson Company, Respondent, vs. Industrial
Commission and another, Appellants.

*April 30—October 13, 1936.*

446

For the appellant Industrial Commission there were briefs by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondent there were briefs by *Hanitch, Johnson, Fritschler & Barstow* of Superior, and oral argument by *John C. Fritschler.*

A brief was also filed by *Crownhart & Murphy, amici curiæ,* and *C. H. Crownhart, Jr., Robert B. L. Murphy,* and *Frank C. Grandy* of counsel, all of Madison.

Briefs *amici curiæ* (on motion for rehearing) were also filed by *Quarles, Spence & Quarles,* and *Kenneth P. Grubb* and *Jefferson D. Burrus* of counsel, all of Milwaukee, and *Joseph A. Padway,* attorney for the Wisconsin State Federation of Labor, and *L. A. Tarrell* of counsel, both of Milwaukee.

The following opinion was filed June 22, 1936:

NELSON, J. The facts are not in dispute. John Jepson, hereafter called the applicant, entered the employ of the plaintiff on September 10, 1924, and continued in such employment, with the exception of a few days, until December 3, 1924. On December 4th, he did not return to work because he was ill. His illness subsequently proved to be tuberculosis. On January 19, 1925, he entered the Bayfield Sanitarium as a patient, where he remained until August 31, 1925. He was then transferred to the Wales Sanitarium, which he entered on September 16, 1925. He remained there until March 8, 1929. He was then transferred to Middle River Sanitarium, where he has remained ever since. He originally applied for compensation on March 18, 1925. Hearing on that application was had on January 13, 1926. The commission made its findings and award on January 29, 1926. The plaintiff was ordered to pay to the applicant $1,049.52 as accrued compensation, and to continue to pay him indemnity of $18.20 per week during the further period of his temporary total disability, or until further order of the commission upon application of either party for further hearing. The order then continued:

"It is further ordered that the respondent, A. D. Thomson & Company, shall furnish the applicant, John Jepson, with such necessary medical treatment as is necessary to cure and relieve him from the effects of his injury, and the commis-

sion reserves the right to conduct subsequent hearing, if necessary, for the purpose of determining liability for medical expense heretofore, and also with respect to the additional liability, if necessary, for further disability."

The record made at the first hearing, which is returned as a part of the present record, reveals that the matters then contested were, whether the applicant contracted tuberculosis while in the course of his employment, and whether the employer was prejudiced or misled by the failure of the applicant to give notice to the employer of the contracting of tuberculosis while in its employ. The commission found in favor of the applicant on both issues. An action to review that award was commenced in the circuit court for Dane county. That court confirmed the award. On the appeal to this court the circuit court was affirmed. *A. D. Thomson & Co. v. Industrial Comm.* 194 Wis. 600, 217 N. W. 327.

The commission, in making its first award, did not determine whether the plaintiff was liable for the expense of the sanitarium treatment already incurred by the applicant and for the expense which would likely be incurred in the future, notwithstanding the fact that the applicant had testified that he entered the Bayfield Sanitarium on January 19, 1925, remained there until August 31, 1925, and then transferred to the Wales Sanitarium where he was a patient at the time of the hearing. Both of those sanitariums were state institutions, and it was probably assumed by all concerned that the applicant would not be required to pay for either the sanitarium treatment rendered or to be rendered him in the future. It also appears that although more than ninety days had elapsed immediately following the accident, the commission did not find or otherwise express its judgment that medical or hospital treatment for any additional period of time would "tend to lessen the period of compensation disability." It apparently overlooked the duty which sec.

102.09 (1), Stats. 1923, imposed upon it. That statute, so far as here material, is as follows:

"Where liability for compensation under sections 102.03 to 102.34, inclusive, exists, the same shall be as provided in the following schedule:

"(1) Such medical, surgical and hospital treatment, medicines, medical and surgical supplies, crutches and apparatus, . . . as may be reasonably required for ninety days immediately following the accident, to cure and relieve from the effects of the injury, *and for such additional period of time as in the judgment of the commission will tend to lessen the period of compensation disability,* or in the case of permanent total disability for such period of time as the commission may deem advisable. . . ."

Following the affirmance of the judgment of the circuit court for Dane county, *A. D. Thomson & Co. v. Industrial Comm., supra,* nothing was done by the commission until the applicant applied on December 27, 1934, for "relief from claim of the state board of control for sanitarium care from January 14, 1925, to July 1, 1934, at" the various sanitariums at which he had been a patient. It appears that some time prior to the date last mentioned the state board of control had presented to the applicant a bill for treatment rendered to him at its several sanitariums, amounting to $3,471.65, and that the receipt by the applicant of that bill caused him to apply to the commission for relief from that claim. Upon the filing of the application for relief, the commission gave notice of hearing for the purpose of determining whether the applicant was entitled to additional compensation in the amount of the claim of the state board of control.

The commission contends that the circuit court erred in finding that the six-year statute of limitations barred the claimant from recovering for more than six years of sanitarium treatment rendered him prior to the date of his ap-

plication for relief. In our opinion, this contention is sound. The compensation to which the applicant was entitled included "such medical, surgical and hospital treatment" as might be reasonably required for ninety days immediately following the accident to cure and relieve from the effects of the injury, and for such additional period of time as in the judgment of the commission would tend to lessen the period of compensation disability. While this court has several times held that the six-year statute of limitations is applicable to claims made for compensation, *Federal Rubber Co. v. Industrial Comm.* 185 Wis. 299, 201 N. W. 261; *Acme Body Works v. Industrial Comm.* 204 Wis. 493, 234 N. W. 756, 236 N. W. 378; *Nelson v. Industrial Comm.* 217 Wis. 452, 259 N. W. 253, it has never held that a claim for compensation is severable so as to permit the application of the statute of limitations to some specific part of the compensation sought. On the contrary, it has held in a case involving a claim for extra compensation based upon a violation of a safety order that "there is but one cause of action." *R. J. Wilson Co. v. Industrial Comm.* 219 Wis. 463, 263 N. W. 204. It is our opinion that when an application for compensation is timely made, such application tolls the running of the statute of limitations as to all compensation to which the applicant may ultimately be entitled.

It is our conclusion, therefore, that the circuit court erred in holding that the applicant's recovery was limited to six years prior to the filing of his application on December 27, 1934.

But the plaintiff makes several other contentions: (1) That sanitarium treatment is not the same as "hospital treatment," and that the plaintiff was therefore not required to provide it; (2) that, assuming that sanitarium treatment is included within the language "hospital treatment," the applicant may not recover full compensation and in addition *all* of the expenses of sanitarium treatment which obviously

includes board and room. See *David v. Arborio,* 241 App. Div. 900, 271 N. Y. Supp. 722; *Witzinger v. Asner,* 246 App. Div. 661, 283 N. Y. Supp. 284; and (3) that the commission was without jurisdiction to make an award to the applicant for medical or hospital treatment beyond the ninety-day period, in the absence of a prior finding or some expression of its judgment that such medical and hospital treatment would tend to lessen the period of compensation disability. In our view only the third contention need presently be considered. Sec. 102.09 (1), *supra,* provides that where liability for compensation exists, such medical and hospital treatment shall be provided as may be reasonably required for ninety days immediately following the accident to cure and relieve from the effects of the injury *and for such additional period of time as in the judgment of the commission will tend to lessen the period of compensation disability.* The language italicized must be given effect. It was evidently enacted for some purpose. It was incorporated into the Workmen's Compensation Act by ch. 624, Laws of 1917. It apparently means that an employer is not required to provide medical or hospital treatment beyond the ninety-day period immediately following a compensable accident, unless the commission finds or in some way indicates that in its judgment treatment for some additional period of time will tend to lessen the period of compensation disability. The commission, however, points out that in thousands of cases it has found employers liable for medical and hospital treatment beyond the ninety-day period without having theretofore found that such additional treatment would tend to lessen the period of compensation disability, and contends that that extended practice acquiesced in by employers and their insurance carriers should be considered as a practical construction of the language. The contention obviously has merit. Giving consideration to the practical construction of the language, we feel warranted in holding

that the legislature intended that the commission should have a reasonable time in which to find that additional medical and hospital treatment beyond the ninety-day period has tended and will tend to lessen the period of compensation disability, but that a reasonable time for such finding should not, in the first instance, extend beyond the time of making its award, assuming that at that time the ninety days have gone by. Surely, by that time the commission may be fully advised as to whether additional treatment will tend to lessen the period of compensation disability. In this case, the original award was made more than a year after the date of injury (*i. e.,* the date the applicant first sustained a wage loss as the result of an occupational disease). The present award was dated May 13, 1935, more than nine years after the date of the original award. Such unreasonable delay in passing upon the liability for additional treatment is not a compliance with language of the statute even as practically construed by the commission.

Finally, the commission contends that upon the hearing before the commission and before the circuit court, no question save that of the statute of limitations was raised by the plaintiff.

Upon the hearing the following colloquy took place between the examiner and the attorney for the plaintiff:

"Examiner Pottinger: Mr. Curran, there is no question about the validity of these charges, except as they might be affected by the statute of limitations, is that right?

"Mr. Curran: That is correct.

"Examiner Pottinger: Is it your contention that all charges prior to six years from the filing of the application are outlawed, and those within six years prior to the filing of the application are valid charges against your client?

"Mr. Curran: That is my contention."

Later on the following colloquy took place:

"Examiner Pottinger: We don't have to go into that. Mr. Curran, as I understand it, you are willing that the com-

mission should issue its award for the amount of these charges for a period of six years prior to the filing of the application?

"Mr. Curran: No, I am not. I doubt the validity of the award made by the commission paying the state of Wisconsin any amount on an application filed as this application was, and the appearance made by this claimant, in the position that he is in. That is a matter purely between the sanitarium and Jepson, the claimant."

From that colloquy, it fairly appears that at that time the plaintiff was principally stressing the statute of limitations. Were the question hereinbefore considered not jurisdictional, we would say that the plaintiff had waived its right to raise it. The commission, not having within a reasonable time found or expressed its judgment as to the period of time in which the applicant was entitled to additional treatment, was without jurisdiction to make an award based upon past sanitarium treatment.

*By the Court.*—So much of the judgment as set aside the award of the Industrial Commission is affirmed, but the circuit court is directed to modify its judgment setting aside the award of the Industrial Commission, and to direct the Industrial Commission to disallow the claim of the applicant for any past medical or hospital treatment, except that furnished during the ninety days immediately following the accident.

The following opinion was filed October 13, 1936:

PER CURIAM (*on motion for rehearing*). The Industrial Commission has moved for a rehearing, not because of the result reached, but because of certain language found in the original opinion. It was there said:

"The commission, however, points out that in thousands of cases it has found employers liable for medical and hospital treatment beyond the ninety-day period without having theretofore found that such additional treatment would tend

to lessen the period of compensation disability, and contends that that extended practice acquiesced in by employers and their insurance carriers should be considered as a practical construction of the language. The contention obviously has merit. Giving consideration to the practical construction of the language, we feel warranted in holding that the legislature intended that the commission should have a reasonable time in which to find that additional medical and hospital treatment beyond the ninety-day period has tended and will tend to lessen the period of compensation disability, but that a reasonable time for such finding should not, in the first instance, extend beyond the time of making its award, assuming that at that time the ninety days have gone by."

The commission contends that the clause, "but that a reasonable time for such finding should not, in the first instance, extend beyond the time of making its award, assuming that at that time the ninety days have gone by," is particularly subject to criticism. With that contention we agree. There is nothing in the practical construction given to the act by the commission, by employers or their insurance carriers which warrants the general application of that limitation. That clause, as well as the sentence following, to wit: "Surely by that time the commission may be fully advised as to whether additional treatment will tend to lessen the period of compensation disability," should be eliminated from the opinion.

In determining what is "a reasonable time" under the circumstances of a given claim or case, the commission and the courts should have little, if any, difficulty. If an employer or his insurance carrier is furnishing medical and hospital treatment beyond the ninety-day period without objection, there is no controversy, and until objection is made and a controversy arises, there can be no necessity for the commission's expressing its judgment. Upon objection being made to the further furnishing of medical and hospital treatment, the commission may determine that controversy. It is con-

sidered that such a determination would be made within a reasonable time.

If an employer denies all compensation liability and the commission, upon hearing, finds the facts in favor of the applicant, if the claim is one involving extended medical and hospital treatment, and if the ninety days have expired at the time of the hearing or the making of the award, it would seem that an orderly administration of the act would ordinarily require that the commission express its judgment to the effect that the medical and hospital treatment already had, beyond the ninety days, had tended, and that future medical and hospital treatment would "tend to lessen the period of compensation disability." If, however, in such a case, the commission neglects to order the employer to furnish medical and hospital treatment, or to find that additional medical and hospital treatment beyond the ninety days has tended or will tend to lessen the period of disability, the commission should have a reasonable time, upon the application of the employee to find or to express its judgment that past medical and hospital treatment has tended, and further treatment will tend, to lessen the period of compensation disability.

In the present case, where it appears that the plaintiff was never ordered to pay for hospital treatment, never at any time paid for any such treatment, and the applicant for over nine years failed to apply for hospital treatment, we adhere to our conclusion that nine years is too long a period of time to come within the meaning of "a reasonable time."

The language of the original opinion is modified as stated in this opinion. The motion for rehearing is denied and the former mandate approved.