LARSON, Appellant, vs. INDUSTRIAL COMMISSION and others, Respondents.

*February 12—March 9, 1937.*

For the appellant there was a brief by *Thompson, Myers & Helm,* attorneys, and *Alfred E. La France* of counsel, all of Racine, and oral argument by *Mr. La France.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondents C. H. Lockwood Oil Company and Travelers Insurance Company there was a brief by *Olin & Butler,* and oral argument by *Byron H. Stebbins,* all of Madison.

WICKHEM, J. Plaintiff entered into a contract with defendant C. H. Lockwood Oil Company under which he took possession of and operated a gasoline filling station in the city of Racine. While so operating the station on the evening of October 27, 1931, plaintiff was shot twice by a robber who attempted to hold him up. Plaintiff was confined to the hospital for nearly four months, and was thereafter confined to his home for over a year. His physical condition became stationary about January 1, 1934. Due to the fact that he did not suppose himself to be an employee, plaintiff did not know that he had a claim for workmen's compensation until February, 1934, and he did not file his claim with the Industrial Commission until August 30, 1934.

Defendant contends that the claim of plaintiff was barred by sec. 102.12, Stats. 1931, which provides:

". . . Regardless of whether notice was received, if no payment of compensation (other than medical treatment or

burial expense) is made, and no application filed with the commission within two years from the date of the injury or death, or from the date the employee or his dependent knew or ought to have known the nature of the disability and its relation to the employment, the right to compensation therefor shall be barred."

It was also contended by defendant that "time of injury," "date of injury," etc., is the date of the accident which caused the injury, as defined by sec. 102.01 (2), Stats. 1931. This subsection provides:

". . . 'Time of injury,' 'occurrence of injury,' 'date of injury' is the date of the accident which caused the injury or the date when the disability from the occupational disease first occurs."

Both contentions were sustained by the Industrial Commission and by the trial court.

Plaintiff's first claim is that the portion of sec. 102.12 which reads, "or from the date the employee or his dependent knew or ought to have known the nature of the disability and its relation to the employment," means that the date of injury is the date of the termination of the healing period, in this case about January 1, 1934, and that until the time when his condition became stationary plaintiff did not "know the nature of" his "disability and its relation to his employment." Reliance is had on *Acme Body Works v. Industrial Comm.* 204 Wis. 493, 234 N. W. 756, 236 N. W. 378, and *Nelson v. Industrial Comm.* 217 Wis. 452, 259 N. W. 253. These cases dealt with eye injuries ultimately resulting in industrial blindness by reason of the development of cataracts. In each case it was held that the compensable injury was the blindness, and that the statute ran from this date rather than from that of the accident. The cases are not in point, since they apply only to the rare instances where the time of the accident and the time of the compensable injury are not contemporaneous. In practically every accident the injury and disability follow immediately upon the accident,

and that was true in the case at bar. Both the *Acme* and *Nelson Cases* hold that injury results when the right to compensation arises. The right to compensation here arose immediately upon the shooting of plaintiff. There was a single injury, instantly disabling, and no basis exists for concluding that it arose at the end of the healing period or at any other time than that of the accident. Furthermore, each of the foregoing cases involved accidents occurring prior to the enactment of sec. 102.01 (2), Stats. 1931. This subsection, which has heretofore been quoted, became effective July 7, 1931, and makes the date of the injury the date of the accident which caused it.

It is next contended that the application was filed within two years from the date when the applicant knew or ought to have known the nature of his disability and its relation to his employment. There can be no question that Larson knew at once that he had a disabling injury, and that it arose out of his work at the gas station. The only question which gave opportunity for doubt or mistake was whether he was an employee or a lessee. Plaintiff erroneously concluded (assuming that his conclusion was wrong) that he was a lessee and not an employee, and hence, as a matter of law, not entitled to compensation. Such a mistake does not operate to postpone the commencement of the statutory period under the peculiar provisions of sec. 102.12, Stats. 1931. These provisions were intended to cover cases where there might be some factual basis for ignorance of the character of the disability, and its causal relation to the work in which applicant was engaged. In nearly every accident case this will immediately be apparent, and the provision was directed primarily to cases of industrial disease where it was factually possible for some time after the onset of the disease for the applicant to be in doubt or ignorant, (1) as to what the disease was, and (2), whether it had in fact any relation to his employment. In any event, it does not cover situations where, by reason of a mistake of law, the applicant does not

know that he is an employee or supposes that he does not occupy such a relationship to the person from whom he later claims compensation. This being true, the doctrine applicable to ignorance or mistake in relation to statutes of limitations generally, governs. It is thus stated in *Ott v. Hood,* 152 Wis. 97, 100, 139 N. W. 762:

" 'Ignorance of his rights on the part of the person against whom the statute has begun to run, will not suspend its operation. He may discover his injury too late to take advantage of the appropriate remedy. Such is one of the occasional hardships necessarily incident to, a law arbitrarily making legal remedies contingent on mere lapse of time. . . .' "

It follows that the judgment of the trial court must be affirmed.

*By the Court.*—Judgment affirmed.