JOHNSON, Appellant, vs. BROWN and another, Respondents.

*October 12—November 7, 1939.*

For the appellant there was a brief by *Eberlein & Mc-Carthy,* attorneys, and *F. J. Grogan* of counsel, all of Shawano, and oral argument by *Mr. Grogan.*

*Giles H. Putnam* of New London, for the respondents.

WICKHEM, J. The facts in this case are not in dispute. In November, 1936, plaintiff was a farmer who supplemented his income on the farm by working in the woods. At that date he entered into a contract with defendants for cutting logs and cordwood. He was to be paid a specified rate per thousand feet for the logs and cordwood, and at a piece rate for posts. He employed and paid a crew of men to help with the operations. Plaintiff and his crew worked in the woods for defendants until he was hurt on the 15th of February. Before starting to work, plaintiff inquired of defendant Brown whether he and his men were insured under the compensation act, and was told that they were. At a later date Brown informed plaintiff that the insurance was going to expire on a certain date and asked him to try to complete his work by that date. A day or so afterwards Brown informed plaintiff that he was renewing the insurance. On the 15th of February, while running a saw, plaintiff slipped and was thrown against the saw, sustaining injuries to his left foot. Brown does not dispute plaintiff's testimony. He supposed that his insurance covered plaintiff and his men, and so informed him. After his injury plaintiff made application under the compensation act, but it was held by the industrial commission that he was an independent contractor and not an employee, and compensation was refused. Upon the basis of these facts, plaintiff claims a right to recover upon an express contract.

We conclude that the trial court properly disposed of this case. The evidence warrants findings of the court that there was no separate contract to insure plaintiff or his men, and that no such an agreement was incorporated into the principal contract. There was simply a representation, innocently

made on the part of Brown, to the effect that his compensation insurance covered plaintiff. This was not based on mistake of fact because Brown had compensation insurance. It was based upon the assumption of both Brown and plaintiff that plaintiff was an employee of defendants and not an independent contractor. There being no misapprehension as to the facts, the mistake was one of law, one having to do with the legal effect of the principal contract. *Larson v. Industrial Comm.* 224 Wis. 294, 271 N. W. 835. The complaint being grounded upon an express contract containing an agreement by defendants to effect or provide insurance to cover plaintiff and his men, it is evident that the proof does not sustain the complaint. Plaintiff stands upon the express contract, and the court found upon sufficient evidence that the contract contained no such agreement. Under these circumstances there is a failure of proof, and judgment dismissing the complaint was properly entered. See sec. 263.31, Stats.

*By the Court.*—Judgment affirmed.