## QUARLES v. LUMBERMEN'S RECIPROCAL ASS'N. (No. 1506.)

Court of Civil Appeals of Texas. Beaumont. March 29, 1927.

1. **Master and servant** ⟨⟩⟩⟩375(1)—**Injury to planing mill employee operating machine in box factory contrary to rules held not compensable as "arising in course of employment" (Workmen's Compensation Act [Vernon's Ann. Civ. St. 1925, art. 8306 et seq.]).**

Where lumber company established rules prohibiting employees in planing mill from going into adjoining box factory without foremen's consent, and used reasonable diligence to enforce such rules, injury incurred by employee in planing mill, on going into box factory and undertaking to operate hazardous machine there without authority from either foreman, *held* not within scope of employment, under Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, art. 8306 et seq.).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Course of Employment.]

2. **Appeal and error** ⟨⟩⟩⟩930(3)—**Finding on issue not requested to be submitted to jury is presumed in support of judgment.**

Issue not requested to be submitted to jury is presumed to have been found by trial judge in support of judgment rendered.

Error from Newton County Court; J. O. Ramsey, Judge.

Suit by the Lumbermen's Reciprocal Association against E. E. Quarles, in which defendant filed a cross-action. Judgment for plaintiff, and defendant brings error. Affirmed.

Wistner & White, of Port Arthur, for plaintiff in error.

Andrews, Streetman, Logue & Mobley, of Houston, and John B. Forse, of Newton, for defendant in error.

HIGHTOWER, C. J. This suit was filed by appellee, Lumbermen's Reciprocal Association, against appellant, E. E. Quarles, in the county court of Newton county, to set aside an award made by the Industrial Accident Board of this state in favor of appellant against appellee for $467.10. Appellant answered and filed the usual cross-action in such cases, and upon trial with a jury verdict and judgment were rendered in favor of appellee.

The main point at issue between the parties, as made by their pleadings and the evidence, was whether or not the injury sustained by appellant arose out of and in the course of his employment. The material facts underlying the controversy, briefly stated, are as follows:

On the 25th of July, 1925, appellant was an employee of the Peavy-Moore Lumber Company at its sawmill in the town of Deweyville, in Newton county, and his duties under his employment were to oil the machinery in the planing mill of the Peavy-Moore Lumber Company and to pick up scrap iron, cups, etc., in the planing mill. The Peavy-Moore Lumber Company carried a policy of accident insurance covering its employees, including appellant, with appellee. On that day appellant, while ripping a board or plank in the box factory of the Peavy-Moore Lumber Company, on a machine called a ripsaw, sustained an injury to the index finger of his right hand, resulting in the loss of that finger at the second joint. In due time after the injury appellant presented his claim to appellee for compensation under the Workmen's Compensation Act of this state (Vernon's Ann. Civ. St. 1925, art. 8306 et seq.), which was denied by appellee, and thereupon, in due time, appellant filed his claim with the Industrial Accident Board, and that board made an award in appellant's favor for $476.10, as we have above stated. Appellee gave due and proper notice that it would not abide by the award, and in due and proper time after due and proper notice to all parties concerned filed this suit to set the award aside.

The jury found, in answer to special issues, that appellant was injured in the manner and to the extent alleged by him, but further found that the injury sustained by appellant was not sustained in the course of his employment. The main attack made by appellant is upon the jury's finding that the injury sustained by him was not sustained in the course of his employment. It is appellant's contention on that point that the evidence showed without dispute that he was injured in the course of his employment.

[1] We shall not undertake to state the evidence in detail bearing upon the issue as to whether or not appellant's injuries were sustained in the course of his employment. We have examined the statement of facts carefully, and have concluded that the evi-

dence was amply sufficient to sustain the jury's finding that appellant's injury was not received in the course of his employment. Briefly stated, the substance of the evidence sustaining the jury's finding was as follows:

Appellant, as we have stated, was an employee of the Peavy-Moore Lumber Company in its planing mill at Deweyville, and his duties were to oil the machinery in the planing mill and do other odd jobs in that department. The evidence was sufficient to show that it was against the rules of the Peavy-Moore Lumber Company for the employees in the planing mill to go into the box factory, without the consent of the foreman of the planing mill, and also without the consent of the foreman of the box factory. It is true that the planing mill and the box factory of the Peavy-Moore Lumber Company were under the same general shed, but they were separate departments, and the machinery used in the box factory was more dangerous and hazardous than that used in the planing mill. The evidence was sufficient to show and warrant the jury in finding that appellant had no duties to perform in the box factory, and that he went into the box factory on the occasion in question, and undertook to operate one of the ripsaws in that factory, without the knowledge or consent of the foreman of that factory, for the purpose of making a small box in which to put pieces of scrap iron, etc., that were on the floor in the planing mill. Appellant testified, in substance, that the foreman in the planing mill told him (appellant) to make a box to put the scrap iron, etc., in, and that, acting upon the instructions of his foreman in the planing mill, who was his father, he went into the box factory, and, not finding the foreman of the box factory in, undertook to make the box by operating the ripsaw, and that almost immediately the injury to the finger followed. Appellant claims, in substance, that since his foreman directed him to make the box that he was trying to make at the time of his injury, he was therefore in the course of his employment at the time he sustained the injury. He did not testify that his foreman told him to go into the box factory to make the box, nor is there any evidence to that effect. His father, the foreman of the planing mill, was not called to the witness stand at all. Appellant admitted that he did not have the consent of the foreman of the box factory to operate the ripsaw.

There was evidence introduced by appellee which was amply sufficient to warrant the jury in finding that the lumber company had promulgated rules which prohibited employees in the planing mill from going into the box factory without the consent of the foreman of the planing mill and without the consent of the foreman of the box factory. Appellant undertook to show, however, by evidence, that these rules were violated frequently, and that employees of the planing mill did go into the box factory without the consent of either foreman, and that employees in the box factory went into the planing department without the consent of either foreman. The evidence was sufficient, however, to warrant the jury in concluding, if the issue had been submitted to them, that the lumber company used reasonable diligence and efforts to enforce such rules, notwithstanding the fact that they were violated, if they were. This issue, however, was not requested to be submitted to the jury by either side. If the lumber company had promulgated rules which prohibited employees in the planing mill from going into the box factory without the consent of the foreman of both departments, and if the Lumber Company used reasonable diligence and efforts to enforce such rules, then appellant, in going into the box factory and undertaking to operate a dangerous and hazardous machine, in violation of the lumber company's rules, it must be held that the injury sustained by him did not arise out of and was not sustained in the course of his employment. All the evidence shows that it was no part of appellant's duties to operate the ripsaw by which he was injured. His only contention on that point is that since his foreman in the planing mill directed him to make a small box, and since the foreman in the box factory was not present when he went in there to make the box, he was authorized to operate the ripsaw in making the box, and that therefore he was injured while in the course of his employment. In this connection, however, the evidence was further amply sufficient to show that the facilities for making the small box were as good, if not better, in the planing room where appellant was employed than they were in the box factory, and that there was no necessity for appellant's going into the box factory and operating the ripsaw, in order to make the box, even if his foreman did direct him to make the box. Upon this state of facts, it is clear that the jury were warranted in finding that appellant was not injured in the course of his employment.

[2] There was no pleading by appellant that the rules promulgated by the lumber company prohibiting employees in the planing department from going into the box factory were not made in good faith, or that if made in good faith proper care and diligence was not used by the lumber company to enforce them, but if such issue had been tendered by the pleadings, the evidence was sufficient to warrant a finding that the lumber company made the rules in good faith, with the intention that they should be observed by employees in both departments, and that the lumber company used reasonable care and diligence to enforce them, and since this issue, had it been tendered by appellant's pleading, was not requested to be submitted to the jury, it must be presumed

that the issue on this point was found by the trial judge in support of his judgment.

It follows from the foregoing conclusions that the judgment must be affirmed; and it has been so ordered.