WEBRE v. CAIRE & GRAUGNARD

(May 27, 1929.   Opinion and Decree.)

Edrington and Carmouche, of New Orleans, attorneys for plaintiff, appellant.

Eraste Vidrine, of New Orleans, attorney for defendants, appellees.

JANVIER, J.   Plaintiff was employed by defendants in their sugar mill in the Parish of St. John the Baptist.   During the harvesting or grinding season the employees in the mill, including plaintiff, worked in six-hour shifts.   Plaintiff's brother was foreman of the gang in which plaintiff worked.   Plaintiff lived at his home at some distance from the factory grounds, but, as part of his compensation, was furnished his meals at the factory boarding house.   About six hours or so before the accident, while on his way to the mill, plaintiff was met by his brother, who advised him that there was no work for him to do and that he could go off and return for the next "watch," six hours later. Thereupon, plaintiff and his brother left the premises entirely and went to a funeral.   After the funeral plaintiff's brother suggested to him that they go back to the factory.   While on their way to the factory, but before they had reached the property of defendants, a sugar cane train, operated by the defendants, came along from their rear, going towards the factory.

Although the rules of the company prohibited others than train employees from riding the trains, and although plaintiff's brother at that particular time instructed all those who were with him that they should not go on the train, plaintiff attempted to board it, and, in doing so, his foot slipped under one of the wheels and was cut off.

This suit for compensation is the result.

Defendants contend that the accident did not arise out of, nor in the course of plaintiff's employment, and furthermore, that

the accident resulted from plaintiff's voluntarily turning aside from the safe course, and, against instructions, subjecting himself to a danger which was not incidental to his employment.

Plaintiff contends that he did not hear his brother instruct him not to board the train. The evidence is quite convincing, however, that the instruction was given and that it was heard by almost everyone else in the party. However, whether the instruction was heard or not, it is manifest that there was no reason whatever, so far as plaintiff's employment was concerned, for him to board the train, and that to do so exposed him to a danger in no way incidental to or connected with his employment.

Jibb vs. Chadwick, 15 N. C. C. A. 248;

Schneider's Workmen's Compensation Law, Sec. 275.

In the case of Willie vs. Louisiana Long Leaf Lumber Co. et al., 8 La. App. 817, we find a situation very similar to that presented here. Willie was furnished transportation by his employer. While riding to work, the train stopped and Willie asked the foreman for permission to alight. This permission was refused, but, notwithstanding this, Willie descended from the train and walked along the track in the direction in which the train was to move. A short time later the train started and Willie attempted to board it while in motion. In doing so he slipped and fell under the cars. The Court of Appeal for the Second Circuit said:

"Where the evidence shows that the cause of the employee's injury was his attempting to board a moving train in defiance of his employer's rules, thereby unnecessarily exposing himself to danger, he cannot recover compensation."

It seems to us that the doctrine announced is applicable here. The principle involved was approved by the Supreme Court of the State in the case of Pierre vs. Barringer, 149 La. 71, 88 So. 691.

Furthermore, we cannot see how it can be held that the injury arose out of the employment, or was in any way incidental thereto. The employer had no control whatever over plaintiff's movements. Webre had voluntarily left the premises and gone off on business of his own. The employer had nothing whatever to do with his movements until his return to the premises.

In practically all of the cases in which compensation was allowed for injuries sustained while going to or returning from work, the transportation was furnished by the employer, or the injury was sustained so near to the work that it could be reasonably said that it resulted from a danger incidental to the employment itself.

Here plaintiff's employment was inside the mill. It had no connection whatever with the cane trains, which ran to distant parts of the plantation. It did not necessarily bring him near these trains. In fact, the route over which he was traveling did not require him to even cross the track on which the train was passing.

In Bass vs. Shreveport El Dorado Pipe Line Co., Inc. 4 La. App. 107, the employe was allowed to ride to his home on a truck owned by the employer. While attempting to jump off the truck, he was injured. The court held that the accident did not arise out of or in the course of his employment. In that case we find the following:

"A reading of the cases cited where the courts have held that an accident to an employee while riding to or from his work arises out of and during the course of his

employment, will disclose that in such cases the transportation was furnished by the employer as an incident of the contract of employment or was a part of the consideration therefor. So far as we have been able to find, no court has held that an employee was entitled to compensation when injured on the way to or from his work unless he was being transported by the employer under circumstances above outlined."

We therefore believe that the finding of the trial court, that plaintiff was not entitled to compensation, is correct for two reasons:

First, because the injury did not arise out of nor as an incident to the employment, and,

Second, because the cause of the injury was the voluntary assumption by the plaintiff of an unnecessary risk entirely apart from his employment.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be affirmed, at the cost of appellant.