**FIDELITY & CASUALTY CO. OF NEW YORK v. McKAY et al.**

**No. 7305.**

Circuit Court of Appeals, Fifth Circuit.

Nov. 24, 1934.

Allen R. Grambling, of El Paso, Tex., for appellant.

W. H. Fryer and Robert E. Cunningham, both of El Paso, Tex., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

Custer B. McKay in litigation over an award of compensation under the Texas Workmen's Compensation statute (Rev. St. Tex. 1925, art. 8306 et seq., as amended), obtained judgment against the insurer, Fidelity & Casualty Company of New York, and the latter appeals, complaining that the application for compensation was barred when filed and that the court erred in permitting a hypothetical question as to the cause of McKay's condition and that a verdict should have been instructed because the evidence showed McKay's condition to be due to disease and not to an industrial accident.

It was testified that on September 29, 1930, November 19, 1931, and December 20, 1931, McKay was "gassed" into unconsciousness by sudden and unusual occurrences in the

smelting processes of his employer, the Nichols Copper Company, each of which occurrences was known at the time to the employer. After the last gassing McKay, though said by the company's physicians to be ready to go back to work, was by his own consent and for the purpose of rest and recuperation put temporarily on a job as watchman at about 10 per cent. less wages. He continued to have pains in his chest and around his heart, and in June, 1932, his own physician, Dr. White, advised that his heart was involved but thought it might get better. In August Dr. White concluded that McKay was totally and permanently disabled because of his heart, and he has done no work since. The company's and insurer's physicians further examined him during October, and on November 25, 1932, claim for total and permanent disability was made to the Industrial Accident Board, which allowed the claim.

 The limiting statute is article 8307, § 4a, Rev. Stats. of Texas of 1925, which provides that "no proceeding for compensation for injury under this law shall be maintained * * * unless a claim for compensation with respect to such injury shall have been made within six months after the occurrence of same. * * * For good cause the board may, in meritorious cases, waive the strict compliance with the foregoing limitations as to notice, and the filing the claim before the board." The Texas courts have held that the occurrence of the injury does not mean the occurrence of the accident which results in injury, but refers to the development of the result to the point that a state of facts exists which makes compensation due. Texas Employers' Insurance Association v. Wonderley (Tex. Civ. App.) 16 S.W.(2d) 386; Texas Employers' Insurance Association v. Fricker (Tex. Civ. App.) 16 S.W.(2d) 390. Although for rest and recuperation McKay on January 1, 1931, took temporarily a less remunerative job, he lost no time and was thought to be in fact not incapacitated, and it may well be denied that a claim for compensation could have been filed until the serious effects on his heart were discovered in June. It was filed within six months from that time. But if it should have been made within six months from January 1st, the delay was due at first to the doubt concerning injury and later to efforts to ascertain the real extent of the disability and to give the employer and the insurer opportunity to satisfy themselves and to avoid litigation if possible. The accidents were well known at their happening, and no possible prejudice arose

from the delay to file claim. The board entertained it, finding that good cause existed for the delay up to the time of filing, and the jury did the same. Good faith and reasonable diligence under the circumstances are enough. Gulf Casualty Co. v. Taylor (Tex. Civ. App.) 67 S.W.(2d) 415; Security Union Ins. Co. v. Hall (Tex. Civ. App.) 37 S. W.(2d) 811; Consolidated Underwriters v. Seale (Tex. Civ. App.) 237 S. W. 642. The claim was not as a matter of law barred.

 The hypothetical question on which Dr. White expressed his opinion that the condition of McKay was due to the accidental gassing was based on facts fairly supported by the evidence. The allowance of it was well within the court's discretion, although some of the facts were disputed. We must assume that the jury were instructed as they should have been to disregard the opinion if they should decide that material facts on which it was based were not established.

██ While several competent physicians disagreed with Dr. White as to the cause of McKay's condition, that conflict of opinion only raised a question of fact for the jury, which is settled by the verdict.

Judgment affirmed.