## AMBURN v. EMPLOYERS' LIABILITY ASSUR. CORPORATION, Limited.

### No. 7679.

Circuit Court of Appeals, Fifth Circuit.

May 29, 1935.

Geo. M. Sonfield, of Beaumont, Tex., for appellant.

Steve M. King, of Beaumont, Tex., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

The appellant, Amburn, claiming an accidental inhalation of sewer gas in the course of his employment which caused pneumonia and tuberculosis and total and permanent disability, was unsuccessful before the Industrial Accident Board and lost his suit to set aside its award. A verdict

was directed against him mainly on the ground that he had not claimed his compensation within six months after the occurrence of the injury. The Texas Compensation Law, Rev. Civ. St. art. 8307, § 4a, provides: "No proceeding for compensation for injury under this law shall be maintained * * * unless a claim for compensation with respect to such injury shall have been made within six months after the occurrence of same. * * * For good cause the board may, in meritorious cases, waive the strict compliance with the foregoing limitations as to notice, and the filing the claim before the board." The evidence shows that the gassing happened September 2, 1932. A few days later appellant had pneumonia, complicated by abcessed lungs, and was in the hospital until November 11th and in bed at home until December 15th. Then he began visiting his doctor every other day, but went to bed each afternoon. After any exertion he had fever. On February 16, 1933, he was told that he was totally and permanently disabled and applied for and began collecting disability benefits under an insurance policy which he held. In April he attempted to resume work for eight days, but again developed fever. In September another effort to work was made, with like result. On October 9, 1933, he filed his claim for compensation. Appellant testified he had notified a nurse at the first aid station of his employer that he was gassed on the day it happened, but she denies it. The company's physician and superintendent, who he says knew it, though no formal notice was given them, also deny knowledge of any accident, and say they knew only that he was ill. Appellant admits he made no claim for compensation until October 9, 1933. He pleads that he was mentally and physically unable to make a claim until that time, but the evidence wholly fails to support that contention. See New Amsterdam Casualty Co. v. Chamness (Tex. Civ. App.) 63 S.W.(2d) 1058. He also pleads that he relied on the agents of his employer and of appellee to file proper claim. His testimony on that point is that an officer of his employer, Mr. Stevenson, suggested his making claim under the insurance policy and aided him in it, and appellant supposed he would also take care of the compensation claim; but he also testified he had not told Stevenson or the superintendents about being gassed: "As

far as I know I did not tell them about it, but they knew I was sick. That is all they knew." He could not have expected Stevenson to file a claim for an accidental injury of which he had given him no information. Appellant then testified he did not know he had to file a claim, but he admitted that he thought of it a couple of times in the hospital. He finally said: "I have no excuse there now with the exception that I was not told."

Assuming that a case for the jury was made on the questions whether there was an accidental injury, whether it caused the illness and the disability that followed, and whether notice of the accident was given within thirty days, and that the case in these respects was meritorious, there was no good cause shown for not having filed the claim for compensation within the time fixed by the statute. Appellant was not an ignorant and illiterate man, [see Texas Employers' Insurance Association v. McGrady (Tex. Civ. App.) 296 S. W. 920], but was a foreman, to whom others reported their injuries, and could read and write. He was not in doubt as to whether he had a compensable injury as was the case in Fidelity & Casualty Co. v. McKay (C. C. A.) 73 F.(2d) 828, but knew he was totally and permanently disabled at least as early as February 16, 1933, when he claimed his disability insurance. He was not misled by his employer as to the fact of his being under the compensation law as in New Amsterdam Casualty Co. v. Chamness (Tex. Civ. App.) 63 S.W.(2d) 1058. Nor did any one promise to make claim for him as in Lloyd's Casualty Co. v. Meredith (Tex. Civ. App.) 63 S.W.(2d) 1051, and Texas Indemnity Ins. Co. v. Holloway (Tex. Civ. App.) 30 S.W.(2d) 921. The employer and insurer assert that they knew of no accident, and the board did not have the opportunity for a prompt investigation which a timely claim would have afforded. The six months' limitation of the statute is in general to be applied. Where indifference and neglect or failure to try to ascertain one's legal rights is the cause of delay beyond the six months, it cannot be said that there is good cause to waive the limitation. The appellant really shows no cause for not filing his claim in April rather than in October, a year, a month, and a week after the occurrence of the injury.

Judgment affirmed.