**TRAVELERS INS. CO. v. BURDEN.**

No. 8443.

Circuit Court of Appeals, Fifth Circuit.

Dec. 28, 1937.

Rehearing Denied Feb. 11, 1938.

Pinkney Grissom, of Dallas, Tex., for appellant.

Shelby S. Cox, of Dallas, Tex., for appellee.

Before SIBLEY and HOLMES, Circuit Judges, and STRUM, District Judge.

STRUM, District Judge,

Appellant, insurance carrier for Ford Motor Company, instituted this action to vacate an order of the Texas Industrial Accident Board awarding R. E. Burden compensation for industrial injuries. By cross-action, appellee Burden sought greater compensation than was allowed by the Board. Upon a jury verdict finding appellee 50 per cent. permanently disabled, judgment below was rendered for $9.62 per week for 300 weeks. The insurance carrier appeals.

Burden was employed by Ford Motor Company at its Dallas Plant as a metal finisher. He worked along the assembly line near where other workers were grinding down joints and other rough spots on metal automobile bodies which had been treated with lead compound. In this part of the plant there was usually more or less lead-impregnated dust or fine metal filings floating in the air. A considerable quantity of this dust had accumulated along the assembly line where Burden was working. On March 10, 1936, another employee, in attempting to remove this dust with a blast from a compressed air hose, forcibly and unexpectedly blew a cloud of dust into Burden's face, and into his eyes, nose, and mouth, from which some of it was apparently inhaled into his lungs, bronchial tubes, and stomach, and thus absorbed into his body tissues. About a week later he began to have headaches, pains about his body and cramps in his joints, his gums were tender and painful, his urine frequent and painful, and he suffered from nervousness and sleeplessness—as a result of which he has been unable to work since about April 3, 1936.

On May 1, 1936, Burden filed with the Industrial Accident Board "a notice of injury" and "claim for compensation for injury," and on June 17, 1936 an amended claim, copies of all of which were mailed to the employer on the dates stated.

On the merits, appellant's principal defenses below were that Burden's condition is the result of an occupational disease—a natural hazard of his employment—rather than an injury, and that Burden, in violation of his employer's rule, failed to wear a respirator which was provided for him, an appliance which covers the nose, mouth, and eyes, and which presumably would have prevented his inhaling the lead dust.

Appellant also asserts it was entitled to a directed verdict below, because Burden failed to given his employer notice "of his injury" within thirty days, as required by article 8307, § 4a, Rev.Civ.Stat. of Texas, a jurisdictional omission, Williams v. Safety Casualty Co., Tex.Civ.App., 97 S.W.2d 729, and that no sufficient cause is shown to excuse such failure.

Clearly, Burden is disabled from lead poisoning. If, as contended by appellant, this were solely the result of a gradual absorption of lead dust as a natural and ordinary hazard of his employment, it would not be compensable. But there is credible evidence of the unexpected, unintended, and forcible blowing of an unusually large quantity of dust into his face, nostrils, and mouth about March 10, 1936, from which it may be found that an abnormal quantity was then accidentally inhaled by Burden. The medical testimony is that if Burden, over his four years of employment in this work, had gradually absorbed or inhaled lead particles into his system, such gradual absorption would render his system less tolerant than normally, and consequently more susceptible to a massive dose suddenly received; and that "the amount of lead he had absorbed over the course of several

years would be deposited into the bones and tissues, and probably would not have given any distress, unless he had a large dose to cause acute symptoms." And further, "if he had not had this lead in his system by this constant every-day absorption over four years of time, a massive dose would have caused a disability at the time anyway." There is ample evidence to support the jury's finding of a compensable industrial injury. Barron v. Texas Employers' Ins. Ass'n, Tex.Com.App., 36 S.W.2d 464; Hartford Accident Co. v. Jones, 5 Cir., 80 F.2d 680; Maryland Casualty Co. v. Rogers, Tex.Civ.App., 86 S.W.2d 867; Rue v. Eagle-Picher Lead Co., 225 Mo.App. 408, 38 S.W.2d 487; 71 C.J. 593 (344).

 If Burden, contrary to his employer's rules, failed to use a respirator, such omission was a mere violation of a rule regulating the manner and method of performing the work he was employed to do. He did not thereby step aside from his employment and undertake some other job which he was not employed to do, as in Quarles v. Lumbermen's Ass'n, Tex.Civ. App., 293 S.W. 333, and Leonard v. Cranberry Furnace Co., 150 Tenn. 346, 265 S.W. 543, relied upon by appellant. Compensation awards, though they do not rest upon actionable negligence of the employer, are subject to the fundamental limitation that the employer is not to be subjected to unrestricted liability for acts beyond the scope of the employee's duties. When an employee is injured while doing something he is not employed to do—an act which is itself outside the scope of his employment—as in the Quarles and Leonard Cases, supra, such injury is generally held not compensable because not suffered in the course of his employment. Where however, as here, the employee merely violates a rule relating only to the manner and method of doing his own work, such a violation does not defeat his right to compensation. Liberty Mutual Ins. Co. v. Boggs, Tex.Civ.App., 66 S.W.2d 787.

As to notice: Within thirty days after March 10, 1936, Burden had a conversation with his employer's general foreman in which he told the foreman that "he (Burden) was sick and unable to work; that he had had all the lead down there that he wanted, and would not work there in the lead any more." The foreman told him to go home and take some medicine and come back to work later. Burden thus brought his sickness to the foreman's attention, but not the injury upon which he grounds his claim for compensation. There was in this no notice, even informal, that Burden had suffered the injury of which he now complains, nor is there any evidence that the employer, or his representatives, knew of it.

But the circumstances of this case are peculiar. This is not a case of traumatic injury of which immediate evidence is available or the results palpable. This injury is the result of an insidious poisoning, which though received at a determinable time and place, was gradual in its onslaught upon Burden's health; his true condition, and its relation to the dust blast of March 10th, being unknown to him until early in May. Until then his disability was latent or incipient, and its cause undetermined. Burden did not know that his ailment was lead poisoning nor that his condition was probably caused by the forced and accidental inhalation of excessive quantities of lead dust until early in May, when his ailment was finally diagnosed as lead poisoning after medical examinations and laboratory tests. On May 1, 1936, Burden filed with the Accident Board a notice of injury and claim for compensation, and sent copies to the employer.

In Texas, it is held that the date of the "accident" is not always the date of the "injury" for the purpose of giving notice or bringing suit under article 8307, § 4a, supra, and that by "injury" as there used is meant "a state of facts" or the condition which first entitles the claimant to compensation. Fidelity & Casualty Co. v. McKay, 5 Cir., 73 F.2d 828, 829. Since the requirement of notice presupposes knowledge on the part of the employee that he has suffered an injury, the notice period prescribed by article 8307, supra, begins to run from the time the fact of injury is, or reasonably should be, apparent. In this case that event was within thirty days of May 1, 1936, so that the notice given on that date by Burden was timely. Texas Employers' Ins. Ass'n v. Wonderley, Tex.Civ.App., 16 S.W. 2d 386; Texas Employers' Ins. Ass'n v. Fricker, Tex.Civ.App., 16 S.W.2d 390; Fidelity Union Casualty Co. v. Koonce, Tex. Civ.App., 51 S.W.2d 777; Associated Indemnity Corporation v. State Commission, 124 Cal.App. 378, 12 P.2d 1075; Acme Body Works v. Koepsel, 204 Wis. 493, 234 N.W. 756, 236 N.W. 378; Clausen v. Minnesota Steel Co., 186 Minn. 80, 242 N.W. 397; Hines v. Norwalk Lock Co., 100 Conn.

533, 124 A. 17; Travelers' Ins. Co. v. Ohler, 119 Neb. 121, 227 N.W. 449; 71 C.J. 967, 984, et seq. Of course when the employee has merely been negligent, or was ignorant of the fact that he was entitled to compensation for an injury which he knew to exist, a different question is presented. Amburn v. Employers' Assur. Corporation, 5 Cir., 77 F.2d 749.

Affirmed.

### On Petition for Rehearing.

PER CURIAM.

By petition for rehearing, our attention is called to the recent decisions of the Texas Supreme Court in effect overruling prior intermediate appellate court decisions in that state, and holding "that the date of the injury, and not the subsequent date when incapacity develops, is the correct one from which to reckon the time within which the claim should be filed and notice given." Williams v. Safety Casualty Co., Tex.Sup., 102 S.W.2d 178, 179, and cases there cited.

 We of course defer to that construction of the Texas statute by the highest court of that state, and withdraw from the foregoing opinion all that is in conflict with it. While this will pro tanto alter the opinion filed December 28, 1937, it will not alter the result.

This is not a case of traumatic injury, the existence of which is apparent, but an injury resulting from the gradual onslaught of lead poisoning, the existence and cause of the injury being unknown until substantially the time when notice was given. Even if Burden's lack of knowledge in the respects stated did not postpone the date from which the statutory notice limit begins to run, it does constitute good cause for the Accident Board to waive a strict compliance with the notice statute as expressly provided in article 8307, § 4a, Rev.Civ.Stat. of Texas. By his pleadings below, Burden asserted that the notice given by him was timely, but if not, then his ignorance of the existence and cause of his injury excused prompt notice, so the latter question was before the trial court for consideration.

As notice of an injury presupposes knowledge of its existence, a waiver of strict compliance with the notice requirement would be justified in the circumstances here presented. 71 C.J. 985. This is a case of ignorance of the *existence* of the injury, not merely a misjudging of the results of a known injury, nor mere ignorance of the employee's legal rights. As the facts which constitute good cause for failure to give notice already appear in the record, and as the issue is presented by the pleadings, it is unnecessary to refer the cause to the trial court to again inquire into such facts.

Petition for rehearing is denied.