## LOWRIE v. AMERICAN SURETY CO. OF NEW YORK.
### No. 10987.

Circuit Court of Appeals, Fifth Circuit.

Dec. 1, 1944.

Rehearing Denied Jan. 11, 1945.

George Clark and F. R. Valentine, both of Waco, Tex., for appellant.

Ralph W. Malone, of Dallas, Tex., and Hilton E. Howell, of Waco, Tex., for appellee.

Before HUTCHESON, WALLER, and LEE, Circuit Judges.

HUTCHESON, Circuit Judge.

Suing under the Texas Workmen's Compensation Act, plaintiff alleged that, within the coverage of the Act, he had suffered compensable injuries to his lungs and bronchial tubes. The claim was that, during an identified period of about fifteen days, he was subjected to large, excessive and unusual quantities and concentrations of TNT dust, fumes, gases, and chemicals, and that these caused injury to the physical structure of his lungs and tubes, and the development of severe TNT poisoning. The defense was that Lowrie's ailments were not the result of accidental injury but of disease, occupational or otherwise. The evidence all in, plaintiff insisted that he had made out a case of compensable injuries and was entitled to go to the jury on the case made. The defendant insisted that a directed verdict was demanded. The District Judge, agreeing with defendant, directed a verdict and entered judgment on it, and plaintiff appealed.

Appellant and appellee, in agreement as to the principle to be applied in determining whether an injury is, or is not, compensable, find themselves in complete disagreement as to the result of applying that principle here. Appellant insists that its application requires the reversal, defendant that it requires the affirmance, of the judgment. This principle, on which, citing many authorities, both agree, is that, though the Texas Workmen's Compensation Act does not use the word, "accidental",[1] nor speak of "occupational disease",[2] judicial construction has settled it: that the statute covers only industrial accidents;[3] and that injuries resulting from occupational diseases as such, that is "those which are the usual and ordinary result incident to the pursuit of an occupation and must in the nature of things be the result of a slow and natural development",[4] are not compensable.

Application of the principle in ordinary or usual cases presents no serious

---

[1] Art. 8309, sec. 1, Vernon's Ann. Civil Statutes of Texas, defines "Injury" as follows: "The term 'injury' or 'personal injury' shall be construed to mean damage or harm to the physical structure of the body and such diseases or infection as naturally result therefrom." Cf. Maryland Casualty Co. v. Broadway, 110 F.2d 357.

[2] Barron v. Texas Employers' Ins. Ass'n, Tex.Com.App., 36 S.W.2d 464.

[3] "A distinguishing characteristic of an accidental injury is that it can always be traced to a definite time, place, and cause." Barron v. Texas Employers, 36 S.W.2d 464, 466. Cf. Middleton v. Texas Power & Light Co., 108 Tex. 96, 185 S. W. 556; Traders & General Ins. Co. v. Weatherford, Tex.Civ.App., 124 S.W.2d 423.

[4] Casualty Underwriters v. Flores, Tex.Civ.App., 125 S.W.2d 371.

difficulties, for the decisions have established that any injury, though it is, or partakes of the nature of, a disease, shall be held to be accidental and compensable if it is referable to a definite occurrence or series of occurrences unusual in their nature, if, in short, it is not merely the ordinary, or reasonably to be anticipated, result of doing the work.

Appellant insists that the evidence here is sufficient to at least make an issue on whether injuries, accidental in the sense of being traceable to unusual and unexpected occurrences, have not been suffered. Appellee as strongly insists that it is not. Citing and strongly relying on: Travelers Ins. Co. v. Burden, 5 Cir., 94 F.2d 880; Hartford Accident & Indemnity Co. v. Jones, 5 Cir., 80 F.2d 680; Maryland Casualty Co. v. Rogers, Tex.Civ.App., 86 S. W.2d 867; Barron v. Texas Employers' Ins. Ass'n, Tex.Com.App., 36 S.W.2d 464; Maryland Casualty Co. v. Broadway, 5 Cir., 110 F.2d 357; Casualty Underwriters v. Flores, Tex.Civ.App., 125 S.W.2d 371, appellant points to the evidence of Lowrie and others of plaintiff's witnesses as to the unusual conditions existing during the fifteen day period they identify and to the evidence of physicians that it was reasonably probable that the condition Lowrie was suffering from was caused by his inhaling unusual concentrations of materials during the two or three days of that period of which he most complained.

Appellee relies upon the evidence as to the conditions that generally surrounded the doing of the work, the evidence of physicians that the condition of Lowrie's lungs and bronchial tubes was in all reasonable probability the result of pneumonia or other disease, or the result of gradual absorption of considerable quantities of TNT in the course of his work over a long period.

■■ Without cataloguing the long list of decisions of this and other courts, some gathering, some dispelling, the mists which have from time to time enveloped the subject, we think it sufficient to say that this evidence presents nothing more than the usual difficult situation presented when, in close or border line cases, where the evidence seems to greatly preponderate on one side and yet there seems to be some evidence which if it could be believed would support a verdict the other way, a court is called upon to determine whether there is a jury issue. In those situations, courts have but one duty, to determine whether, under rules of right reason, a jury could conclude that the facts were as contended by the plaintiffs, that is, whether reasonable and impartial men, having no interest in the result except the interest to do justice, could find that way. If the conclusion is that they could, it is the duty of the court to send the case to the jury, for it is only when, under the rules of right reason, facts relied on to support a given result cannot reasonably be found to do so, that a court is authorized to take a case from a jury and direct a verdict. Examining the evidence most favorable to plaintiff, in the light of these controlling principles, we think it clear that we cannot say that no reasonable mind could conclude that plaintiff suffered an injury, within the coverage of the statute, as the result of unusual and emergent conditions not necessary or usual to his ordinary line of duty. On the contrary, we think we are compelled to hold: that, viewed in the light most favorable to plaintiff, the evidence made out a case for a jury verdict; that it was error to direct a verdict. For the error of directing it, the judgment is reversed and the cause is remanded for further and not inconsistent proceedings.