**Earl Dean BROWN, Jr., et al., Appellants,**

v.

**FORUM INSURANCE COMPANY,**
**Appellee.**

**No. 18271.**

Court of Civil Appeals of Texas, Dallas.

March 21, 1974.

Carlyle H. Chapman, Jr., James C. Barber, Mullinax, Wells, Mauzy & Baab, Inc., Dallas, for appellant.

James K. Peden, III, Strasburger, Price, Kelton, Martin & Unis, Dallas, for appellee.

BATEMAN, Justice.

The question presented in this workmen's compensation case is whether the employee was acting within the course of his employment when he received his fatal accidental injuries. The trial court sustained the insurer's motion for summary judgment, and the legal beneficiaries of the deceased employee appeal.

The facts are undisputed. The insurer stipulated that the employee, Earl Dean Brown, would have been in the scope and course of his employment for his employer, Mobil Oil Corporation, at the time of his death, except for the fact that he was flying a private aircraft in direct violation of his employer's instructions. Brown was a geophysicist employed by Mobil Oil Cor-

poration, and was instructed by his superior to go from McAlister, Oklahoma to Chickasha, Oklahoma to pick up a "thumper auxiliary unit" and bring it to McAlister where his seismic party was working. Although he was aware of the company rule against using private or chartered aircraft in connection with his duties, Brown flew his own private plane to Chickasha to accomplish the mission, and was killed when the plane crashed.

Appellee defends the judgment on the ground that when Brown violated this company rule he took himself out of the course of his employment and, therefore, was not protected by the Workmen's Compensation Act. We do not agree with this theory. Brown was admittedly acting in furtherance of his employer's business in making the trip, and in using the aircraft he was merely violating a rule regulating the manner and method of performing the work. We think this case is controlled by Traveler's Ins. Co. v. Burden, 94 F.2d 880, 882 (5th Cir. 1937) and Liberty Mut. Ins. Co. v. Boggs, 66 S.W.2d 787, 794 (Tex. Civ.App.—Eastland 1933, writ dism'd).

In *Burden* the employee was injured by a sudden blast of lead-inpregnated dust. In violation of his employer's rule, he was not wearing a respirator which was provided for him and which presumably would have prevented his inhalation of the dust. It was held that he merely violated a rule relating to the manner and method of doing his work, and that such violation did not defeat his right to compensation.

In *Boggs* the employee was a flying instructor and was killed while giving a flying lesson in violation of his employer's instruction to return the plane that day. The court said:

If giving flying lessons to students was in the course of Boggs' employment, then it was none the less so simply because he violated an instruction to return with the plane to the airport on the day previous.

Appellee relies on Maryland Casualty Co. v. Brown, 131 Tex. 404, 115 S.W.2d 394 (1938), where the applicable rule is announced as follows:

While it seems to be the rule that a violation of instructions of an employer by an employee will not destroy the right to compensation, if the instructions relate merely to the manner of doing work, yet it seems to be held by the weight of authority that violation of instructions which are intended to limit the scope of employment will prevent a recovery of compensation.

It was held that an automobile salesman who was injured in Mexico, having gone there in direct violation of his employer's orders not to solicit business in Mexico, was not protected by the Compensation Act. The difference between that case and the one at bar is obvious. There the employee was not hired to work in Mexico and was expressly forbidden to do so. Here, however, the employee was hired and instructed to go to Chickasha for the equipment and was doing so when killed. It was within the course of his employment to go from McAlister to Chickasha. It was not shown what choices or options were available to Brown as to means of transportation, but for reasons best known to himself and not disclosed by the record, he chose to make the trip in his own plane. This transgression of his employer's rule related merely to the manner of doing the work; it did not limit the scope of employment.

As said in Prentice v. Twin City Wholesale Grocery, 202 Minn. 455, 278 N.W. 895 (1938):

Here the employee was doing exactly what he was hired to do at the very place where he was required to perform his duties but in a manner forbidden by his superiors. This transgression was wholly within the sphere of employment and consequently does not prevent the recovery of compensation.

In Bugh v. Employers' Reinsurance Corporation, 63 F.2d 36 (5th Cir. 1933), also relied on by appellee, the facts were somewhat similar to those in the case at bar, except that in *Bugh* both the employee and his airplane were unlicensed. His act in using the plane, even though admittedly on the business of the employer, was held to be outside the scope of his employment because of his violation of statutory regulations.

Appellee also relies on Quarles v. Lumbermen's Reciprocal Ass'n., 293 S.W. 333 (Tex.Civ.App.—Beaumont 1927, no writ). However, we think that case is also distinguishable from the one at bar, for there the foreman who instructed the employee to make the box did not specifically tell him to go into the box factory to make it. Nevertheless, the court held that there was a fact issue and submitted the case to the jury, which found that the employee was not injured in the course of his employment. It was held that the evidence supported this finding.

◼ The authorities are by no means uniform. However, the disparity is not so much in the statement of the rule as it is in application thereof to the facts of each case. It would unduly lengthen this opinion to recite the facts and holdings of the many cases in other jurisdictions. Many of them are listed and some analyzed in Gacesa v. Consumers' Power Co., 220 Mich. 338, 190 N.W. 279 (1922). The court in that case held that the employee's injuries were not sustained in the course of his employment. We list in the footnote other cases reaching the same result.[1]

Cases from other jurisdictions holding that where the employee violates a rule or instruction as to the manner of doing the work, he is not thereby removed from the sphere of his employment appear also in the margin.[2]

In 1A A. Larson, The Law of Workmen's Compensation § 31.25 at 6–30, the following conclusion is reached after exhaustive review of the authorities:

> Generally, then, the cases support the proposition that the adoption of a particular kind of vehicle or conveyance in the active performance of claimant's work is a choice of method, rather than a change in the work for which claimant is employed.

It is therefore our holding that the appellee failed to show as a matter of law that Brown's fatal injuries were sustained outside the scope of his employment. The first point is accordingly sustained.

◼ In appellant's second point it is contended that the trial court erred in not granting the plaintiff's motion for summary judgment. The transcript contains such a motion, but we see nothing in the record to indicate that it was ever called to the attention of, or acted upon by, the trial court. Accordingly, nothing is presented here for review in that connection. The second point of error is overruled.

Reversed and remanded.

1. Lumaghi Coal Co. v. Industrial Commission, 318 Ill. 151, 149 N.E. 11 (1925); Davison v. Holmside & S. M. Collieries, W.C. & Ins. Rep. (Eng.1929) 139, 140 L.T.N.S. 511 – (C.A.); Edwards v. Ocean Coal Co., W.C. & Ins.Rep. (Eng.1929) 343 – (C.A.); Webre v. Caire, 10 La.App. 775, 123 So. 168 (1929); Standard Elkhorn Coal Co. v. Stidham, 242 Ky. 228, 46 S.W.2d 120 (Ct.App.1931).

2. Omaha Boarding & Supply Co. v. Industrial Commission, 306 Ill. 384, 138 N.E. 106, 109 (1923); Union Colliery Co. v. Industrial Commission, 298 Ill. 561, 132 N.E. 200 (1921); Leach v. J. I. Case Threshing Mach. Co., 53 S.D. 13, 219 N.W. 884, 886 (1928); Hannaby v. Llay Main Collieries, 1 K.B. 602 (Eng.1931), W.C. & Ins.Rep. 129 – (C.A.); Security Mut. Casualty Co. v. Wakefield, 108 F.2d 273 (5th Cir. 1939).