PORT NECHES INDEPENDENT
SCHOOL DISTRICT, Appellant,

v.

Felix A. SOIGNIER, Appellee.

No. 0984335CV.

Court of Appeals of Texas,
Beaumont.

Jan. 16, 1986.

Rehearing Denied Feb. 6, 1986.

Michael McGown, Beaumont, for appellant.

James W. Mehaffy, Jr., Beaumont, for appellee.

OPINION

DIES, Chief Justice.

This is a worker's compensation case. Felix A. Soignier, plaintiff below, alleged that he was injured in June, 1982, while

---

**2.** In fact, logic compels it.

working for the Port Neches Independent School District, defendant below. A jury in May, 1984, found that the injury of 1982 was a producing cause of total and permanent incapacity. Judgment followed for plaintiff from which the school district has perfected appeal to this court.

Defendant's first three points of error (grouped in its brief) follow:

1. "The trial court erred in refusing to submit defendant's requested special issue inquiring whether or not Felix Soignier was instructed by his employer not to leave the scaffold in order to paint the peaks of the gym because the evidence supported the submission of that issue."

2. "The trial court erred in refusing to submit defendant's requested special issue inquiring whether [plaintiff] injured his back after he left the scaffold and when he was painting the peaks of the gym, because the evidence supported the submission of that issue."

3. "The trial court erred in refusing to submit defendant's requested instruction instructing the jury that if an employee violated instructions as to the manner of doing the work, then any injury he received while in violation of these instructions would still be 'in the course and scope of employment'; however, if an employee violated instructions intended to limit the scope of his employment, any injury he received while in violation of those instructions would not be 'in the course and scope of employment' because the evidence supported the submission of the instruction."

The evidence was disputed whether plaintiff was instructed to stay on the scaffold. Plaintiff's position was that he had to get on the basketball goal to reach the very top of the gym ceiling. It was here that he was injured.

Plaintiff's boss, Mr. Motycka, never told plaintiff to stay off the basketball goal. The totality of the evidence points to the fact that plaintiff was expected to paint the entire gym. It was as obvious to Motycka as plaintiff that the scaffold would never reach the area of injury.

■ There are few cases discussing this situation and most of them are old. There is, however, one case that is persuasive. In *Brown v. Forum Insurance Company,* 507 S.W.2d 576 (Tex.Civ.App.—Dallas 1974, no writ), the plaintiff would have been in the course and scope of his employment except he was flying a private aircraft in direct violation of his employer's instructions. The court held (at 577),

> "Brown was admittedly acting in furtherance of his employer's business in making the trip, and in using the aircraft he was merely violating a rule regulating the *manner and method* of performing the work." (emphasis added)

Recovery was thus permitted. *See also, Travelers Ins. Co. v. Burden,* 94 F.2d 880, 882 (5th Cir.1937), where compensation was permitted to an employee who violated a regulation requiring the wearing of a respirator. These points are overruled.

■ Defendant's fourth point of error complains of the admission of plaintiff's Exhibit No. 1 which was a letter authorizing medical expenses for plaintiff. The letter acknowledged coverage of workman's compensation insurance and stated all future medical bills should be billed to Texas Employers' Insurance Association. As such, we believe it is an admission. Further, appellant has the burden of showing harm. *TEX.R.CIV.P. 434; Houston Lighting and Power Co. v. Sue,* 644 S.W.2d 835 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.). We hold appellant failed to discharge this burden. We further hold that the exhibit involved goes further than *TEX.R.EVID. 409* and actually admits coverage. This point of error is overruled.

The judgment of the trial court is affirmed.

Affirmed.